IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-93 |
| | ) | (VARLAN/SHIRLEY) |
| DENNIS R. BOLZE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 27, 2009, for a motion hearing on the Defendants' Motion to Continue [Doc. 31], filed on August 19, 2009. Assistant United States Attorney F. M. Hamilton, III, appeared on behalf of the government. Attorney Kim A. Tollison represented the defendant, who was also present.

The motion asks the Court to continue the September 14, 2009 trial date, along with the motion deadline, the response deadline, the plea negotiation deadline, and the pretrial conference date, due to counsel's need to review voluminous discovery. At the hearing, Attorney Tollison informed the Court that he had viewed the discovery in this case at the IRS office and designated items to be copied. Once he receives these copies, which he anticipated getting the morning following the hearing, he would need time to review them in detail to prepare for the review of the computer data from three computers, which was also available in discovery. Mr. Tollison stated that

1

given the volume of discovery, it would take a significant amount of time to review. The defendant stated that he understood the need for a continuance of his trial and that he did not object. The government also did not object to a continuance. Both parties asked that this case be declared complex for speedy trial purposes.

The Court finds the Motion to Continue the September 14, 2009 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The documentary and computerized discovery in this case is voluminous. Defense counsel needs time to review discovery, to determine what pretrial motions need to be filed, and to prepare those motions. Once any pretrial motions are filed and the government has submitted responses, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(D) and (H). The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the September 14, 2009 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the defendant is charged [Doc. 23] with three counts of wire fraud and three counts of money laundering over a period spanning more than six and one-half years and allegedly involving numerous victims. Thus, due to the nature of the prosecution, and the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established

by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, a continuance is also warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Defendant's Motion to Continue [**Doc. 31**] is **GRANTED**, and the trial of this matter is reset to **January 25, 2010**. The Court also finds, and the parties agreed, that all the time between the August 27, 2009 hearing and the new trial date of January 25, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(h)(1)(H), and -(h)(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion-filing deadline of **September 30, 2009**. Responses are due by **October 21, 2009**. A pretrial conference before the undersigned is set for **December 14, 2009, at 10:30 a.m.** Reciprocal discovery is also due on **December 14, 2009**. The parties agreed on a plea negotiation cut-off deadline **December 1, 2009**.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue [**Doc. 31**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 25, 2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **August 27, 2009** hearing, and the new trial date of **January 25, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Pretrial motions are due on or before **September 30, 2009**;

(5) Responses are due on **October 21, 2009**;

3

(6) A pretrial conference before the undersigned is set for **December 14, 2009, at 10:30 a.m.** This date shall also be the deadline for reciprocal discovery; and

(7) The plea negotiation cut-off deadline in this case is **December 1, 2009**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge

4

Case 3:09-cr-00093-TAV-CCS   Document 33   Filed 08/28/09   Page 4 of 4   PageID #: 77