IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-93 |
| | ) | |
| DENNIS R. BOLZE, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**ORDER OF CONTINUED DETENTION PENDING TRIAL**

This matter is before the Court on Defendant Dennis R. Bolze's Motion to Modify Detention Order [Doc. 44], filed on December 4, 2009, and referred to the undersigned on December 14, 2009. See 28 U.S.C. § 636(b). The Defendant asks the Court to release him temporarily into the custody of his attorney twice weekly for up to five hours so that he might prepare for his sentencing hearing. The Government opposes [Doc. 46] the requested temporary release, arguing that the Defendant's motion is procedurally defective and that temporary release must be refused because the Defendant presents a serious flight risk.

Following his initial appearance in this case, the Defendant was scheduled for a detention hearing on April 2, 2009. On that day, the Defendant waived [Doc. 11] his detention hearing, reserving the right to request a detention hearing at a later date. He was detained [Doc. 12] pending his trial. On November 10, 2009, the Defendant pled guilty to three counts of wire fraud and three counts of money laundering. The minutes [Doc. 42] from the change of plea hearing reflect that the District Court ordered the Defendant to remain in the custody of the United States Marshals pending his sentencing hearing on April 15, 2010.

1

The Defendant argues that this temporary release is necessary to fully prepare for his sentencing hearing. He maintains that in order to prepare a plan for making restitution to the victims in this case, he needs access to the Internet and to numerous documents, which are in his attorney's possession. Internet access is not available in the Blount County Jail, where the Defendant is detained, and he is not allowed to keep all of his documents with him, nor can their confidentiality be guaranteed at the jail. The Defendant proposes that he be released to his attorney or his investigator twice weekly for up to five hours each time. Counsel will drive him to the offices of the Federal Defender Services of Eastern Tennessee, Inc., where he will be continuously supervised by counsel or an employee of that office. Counsel or the investigator will then drive the Defendant back to the jail. The Defendant argues that this temporary release to an appropriate person to prepare his defense is permitted by 18 U.S.C. § 3142(i)(4).

The Government contends that section 3142(i)(4) does not apply in this case because the Defendant waived his detention hearing and has not requested a detention hearing to date. It asserts that temporary release under section 3142(i)(4) is only available when the Court has entered a detention order pursuant to section 3142(e). It reasons that because the Defendant waived his detention hearing, no section 3142(e) detention order was entered in this case. Thus, the Government concludes that the Defendant's motion should be treated as a request for a bond hearing, at which hearing, the Government will oppose the requested release because the Defendant is a serious flight risk.

At the January 6 hearing, the parties presented argument, and the Government presented a proffer of the testimony of Special IRS Agent Kevin McCord regarding the Defendant's flight and

2

evasion of authorities before his arrest. Defense counsel argued that the proposed temporary release was necessary in order for the Defendant to prepare a plan to pay restitution. He stated that the Defendant had access to a laptop computer at the jail, but he was not able to use the Internet there. He argued that the Defendant needed access to the Internet to provide documentation to show how the plan would work, and defense counsel did not have the financial expertise to gather this documentation for the Defendant. He maintained that the completed plan would be submitted to randomly selected financial experts, who would give their opinion on the viability of the plan. Defense counsel contended that if the Defendant could present a workable plan for repaying restitution, it would weigh in favor of an earlier release from prison so that the victims' could receive restitution sooner.

The Government argued that the District Court would determine the amount of restitution to be paid but not how it would be paid, thus a plan for repayment of restitution has no bearing upon the decisions that the District Court has to make at sentencing. It also contended that the Defendant had a history of fleeing in the face of adverse circumstances. AUSA Hamilton proffered that Special Agent McCord would testify that in December 2008, the Defendant became aware that his ponzi scheme was falling apart. The Defendant rented a Uhaul on December 15 and left his home after midnight on December 17 without telling his family that he was leaving or where he was going. He rented a storage unit in Davenport, Florida, for which he paid the rent in money grams, at least one of which bore a false return address. The Defendant traveled to Jersey Shore, Pennsylvania, and convinced a friend to help him by telling the friend that his wife was divorcing him and had taken all of his money. The friend arranged for the Defendant to stay in an isolated cabin and provided

3

a computer for him. The Defendant was arrested there in March 2009, attempting to make trades on the computer. The Government argued that the sixty-one-year-old Defendant was facing a sentence of 138 to 165 months in prison.

Section 3142(i)(4) provides in pertinent part that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i)(4). As an initial matter, the Court questions the applicability of this section to the instant inquiry because the Defendant is no longer in "pretrial" detention, rather he is detained post plea, pending sentencing. Section 3143(a), which governs release or detention pending sentencing, contains no language providing for temporary release. 18 U.S.C. § 3143(a). This section requires the detention of a defendant awaiting imposition of a sentence "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a).

Even assuming section 3142(i)(4) applies, the Court still must determine that the temporary release is "necessary." In this case, the Court finds that it is not. The Court finds that the Defendant could present an outline of his plan for repaying restitution to the financial experts, as proposed, without his personal access to the Internet. The Defendant has been allowed to use a laptop computer at the jail. The Court finds that he ought to be able to describe the historical documents he needs to his attorney, who could retrieve them from his office. The Court regrets that this arrangement will require more work for defense counsel, but the standard imposed by the statute is

4

one of necessity, not convenience. Moreover, and perhaps more importantly, the Court finds that the plan for repayment of restitution that the Defendant is seeking to create is not germane to sentencing. The District Court will be concerned with the amount of restitution owed, not how it will be repaid.

Finally, the Court contrasts this lack of necessity with a finding that the Defendant presents a serious risk of flight. The lengthy sentence the Defendant is facing creates an incentive for the Defendant to flee. His history of evading the authorities demonstrates an ability and willingness to flee. The requested temporary release would provide the only element missing from this equation–the opportunity to flee, despite the best intentions of defense counsel. In light of the serious risk of flight and the lack of necessity of the temporary release, the Defendant's Motion to Modify Detention Order [**Doc. 44**] is **DENIED**. The Defendant shall remained detained as previously ordered.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge