UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-93 |
| | ) | |
| DENNIS R. BOLZE, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the Court on Defendant Dennis R. Bolze's *pro se* Motion for Return of Property Pursuant to Fed. R. Crim. P. Rule 41(g) [Doc. 98], filed on October 14, 2011, and referred [Doc. 100] to the undersigned on November 30, 2011. See 28 U.S.C. §636(b)(1)(B) (providing that a magistrate judge has jurisdiction to recommend the disposition of a motion for post-trial relief by a convicted criminal defendant). The Defendant requests the return of property seized during a search of his residence pursuant to his wife's consent and property seized at the time of his arrest in Pennsylvania pursuant to his consent. The Defendant does not contest the circumstances of the seizure but asks the Court to order the Government to return the property per Rule 41(g) of the Federal Rules of Criminal Procedure because it was not used in his prosecution. He also contends that the property is no longer needed by the Government and is not subject to forfeiture.

The Government responds [Doc. 99] in opposition to the Defendant's motion. It contends that it continues to have an evidentiary interest in the property because the Defendant's case is still on appeal and the possibility of a remand exists. Second, it argues that the Defendant does

1

not have a sufficient property interest in the items because of his ongoing bankruptcy case. The Government states its intention to surrender the property to the trustee of the bankruptcy estate once the Defendant's criminal case is resolved.

## I. Background

According to an IRS Memorandum of Activity [Doc. 99, Exh. 1] filed by the Government as an exhibit to its response, the Defendant's wife consented to a search of her and the Defendant's residence on January 7, 2009, and the officers seized nine computers, one external hard drive, and four boxes of financial records. The Defendant was arrested in Pennsylvania pursuant to a criminal complaint in March 2009. An IRS Memorandum of Activity [Doc. 99, Exh. 2] documenting the Defendant's March 12, 2009 arrest states that the Defendant consented to the seizure of three computers; "CAM records;" and a black laptop bag containing Bolze's cancelled cellular telephone, a thumb drive, and documents. The agents also took possession of Bolze's reading glasses, his wallet, and $2925.93 in currency. On July 21, 2009, the Government filed an Indictment [Doc. 23], charging the Defendant with three counts of wire fraud and three counts of money laundering. On November 10, 2009, the Defendant entered a guilty plea to these six counts. On October 5, 2010, District Judge Thomas A. Varlan entered a Judgment [Doc. 94], sentencing the Defendant to a total term of 327 months. The Defendant filed an appeal [Doc. 95] of the Judgment that same day. According to the Government, the Defendant has "appealed his sentence on both procedural and substantive reasonableness grounds[.]" The appeal remains pending at this time.

Also according to the Government's response [Doc. 99], a bankruptcy case entitled In re Dennis Bolze, No. 3:09-bk-30075 (E.D. Tenn.) (J. Stair), commenced on January 9, 2009, and

2

remains pending. This case is mentioned and stipulated to by the Defendant in the Plea Agreement [Doc. 43, p.18].

## II. Analysis

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The plain language of the rule reveals that parties may seek the return of property even when it has been lawfully seized. The Advisory Committee Notes to the rule[1] provide guidance as to when such pretrial return of property lawfully in the government's possession would be appropriate:

> No standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects people from unreasonable seizures as well as unreasonable searches, United States v. Place, 462 U.S. 696, 701 (1983), and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

Fed. R. Crim. P. 41(g), advisory committee notes to 1989 amendments.

---

[1] The rule was formerly found at 41(e).

First, the Court finds that, pursuant to the express language of the rule, a motion for the return of the Defendant's property seized at the time of his arrest in Pennsylvania must be filed in that district. Nevertheless, because the Government expressly has no objection, the Court will address the return of the property seized in Pennsylvania as well as the property seized in Tennessee.

"A defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." United States v. Francis, 646 F.2d 251, 263 (6th Cir. 1981). Defendant Bolze has appealed his sentence in this case. Accordingly, the Government has a continuing interest in the property while there remains the chance that the case could be remanded. See United States v. Nelson, 190 F. App'x 712, 715 (10th Cir. 2006) (recognizing that "the government has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until his criminal proceedings are final" but also observing that the property must be relevant to sentencing).

The bulk of the property seized in the instant case is comprised of financial documents, computers, and currency, all of which the Court finds to be relevant to establishing the extent of the Defendant's financial crimes at a future sentencing hearing, if one were to occur. On the other hand, the Court finds that the Defendant's reading glasses are not relevant to a remand of the case and recommends that the District Court order their return. Thus, the Court finds that the Defendant's motion for the return of his property is premature at this time and recommends that it be denied as moot in part with regard to all property except the Defendant's reading glasses. The Court recommends that the denial of the motion be without prejudice to refile it at the conclusion of his case. If the Defendant chooses to refile the motion at a future date, the Defendant should address his interest in the property in light of the pending bankruptcy case.

4

### III. Conclusion

The Court has considered the Defendant's motion, the Government's response and the relevant legal authorities, and it concludes that the Government retains an evidentiary interest in the seized property with the exception of the Defendant's reading glasses. Accordingly, the Court **RECOMMENDS** that the Defendant's Motion for Return of Property Pursuan to Fed. R. Crim. P. 41(g) [**Doc. 98**] be **GRANTED in part**, in that the Government should be ordered to return the Defendant's reading glasses, and the motion should be **DENIED as moot in all other respects**.[2] The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to the Defendant at the address listed at page 7 of his motion [Doc. 98].

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).