

APR 27 2020

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

FROM: 14825067
TO:
SUBJECT: Letter to Clerk of Court
DATE: 04/19/2020 05:22:34 PM

FROM:  Dennis R. Bolze
         Reg. No. 14825-167
FCC Coleman Low
         P.O. Box 1031
         Coleman, FL 33521-1031

Priority Mailing Number:
9114-9023-0722-4645-6344-33

DATE:  April 20, 2020

TO:  Clerk of Court's Office
      U.S. District Court
      800 Market Street
      Knoxville, TN 37902

      RE:  FILING OF A MOTION TO SUPPLEMENT THE EMERGENCY AND URGENT
                          MOTION WITH THE COURT

Dear Clerk:

    I have enclosed a Motin to Supplement to the Emergency and Urgent Motion for Compassionate Release in light of the COVID-19 pandemic the has infected the prison at FCC Coleman Low. Please docket the motion on my behalf and advise the Court of its emergency request.

    Thank you so much for your consideration, I am praying for all of you folks to come through this without suffering the lost of a family member, friends, or associates. He is faithful.

Sincerely yours,

Dennis R. Bolze



FILED
APR 27 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No. 3:09-CR-00093-1
                                   3:12-CV-00473

DENNIS ROGER BOLZE,

    Defendant.

## MOTION TO SUPPLEMENT TO EMERGENCY AND URGENT MOTION FOR COMPASSIONATE RELEASE PURSUANT TO TITLE 18 UNITED STATES CODE 3582(c)(1)(A)

Defendant seeks to supplement his Emergency and Urgent Motion for Compassionate Release pursuant to Title 18 United States Code 3582(c)(1)(A) with the following newly discovered facts and legal syntax.

A:  THE WARDEN'S DENIAL FOR COMPASSIONATE RELEASE:  A written request pursuant to BOP Program Statement 5505.50 for compassionate release was filed with the Warden at FCC Coleman Low on April 7, 2020. On April 12, 2020, although the Warden in her response to the written request, did not indicate a denial was made at that time, on April 16, 2020, two days after Dennis filed his emergency motion the Warden's denial was given to Dennis the Unit Team's central office at 8:15am. The denial was back-dated to April 10, 2020. See Exhibit A.

B:  THE BOP's PROGRAM STATEMENT HAS BEEN ALTERED PER THE ATTORNEY GENERAL's AUTHORITY: The CARES Aac was signed into law on March 27, 2020 by President Trump. The CARES Act (H.R. 748) gave broader authority to the Attorney General (See Sec 12003(b)(2), where the Director of Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner under the first sentence of section 3582(c)(2) of Title 18 of the United States Code. The Attorney General's Memo authorized the Director to reduce time served requirement from 50% and 65% (See Exhibit B) to 25% in order to qualify in its 7 criteria needed for consideration.

Page 1

Courts have followed the Attorney General's directive under the BOP's Program Statement 5505.50(4)(b)-(c). See e.g., United States v. Brannan, 4:15-CR-80-1 (S.D. Tex., Apr. 2, 2020). The Warden did not.

C: COURTS HAVE FOUND THE EXHAUSTION REQUIREMENT MOOT IN THE FACE OF THE PANDEMIC:

The current pandemic has entered the Federal prison system. FCC Coleman Low in no exception the fast spreading COVID-19 virus. Courts, since Dennis's filing of his emergency motion, have found "extraordinary and compelling reasons" to forgo the administrative remedy process. For example, In United States v. Sawicz, Case No. 08-CR-287 (E.D. N.Y. Apr. 10, 2020) is a very instructive case on Dennis's request.

On April 5, 2020, Sawicz submitted a letter to the Warden requesting home confinement and citing the CARES Act. On April 9, 2020, he submitted a letter to the Warden seeking home confinement pursuant to the FIRST STEP Act. He cited hypertension and indicated that he takes Lisinopril and baby aspirin. As of the filing of the Court's order he had not gotten a response on either. The government opposed, averring that Sawicz had not exhausted all of his administrative rights with the Bureau of Prisons. The Court noted that "[A] prisoner exhausts his administrative rights when the BOP fails to bring a motion for compassionate release on his behalf and he exercises all administrative rights to appeal, or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 USC 3582(c)(1)(A).

The court waived the exhaustion requirement in the case. The court found that "[e]ven where [administrative] exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." Washington v. Barr, 925 F. 3d 109, 118 (2nd Cir. 2019). The court went on to say that "[A] court may waive an administrative exhaustion requirement 'where [exhaustion] would be futile, ... where the administrative process would be incapable of granting adequate relief ... [or] where pursuing agency review would subject [the person seeking relief] to undue prejudice." Further, "[U]ndue delay, if it in fact results in catastrophic health consequences, can justify waiving an administrative exhaustion requirement for any of those three reasons." Id at 120-21.

The court determined that the COVID-19 outbreak at FCI Danbury (like FCC Coleman Low) combined with

---

--1--

1). See PSR at 94-97 stating Dennis suffers from Hypertension and attached Exhibit C demonstrating his active medications including Lisinopril and baby aspirin to name a few.

Sawicz's risk of suffering sever complications because of his hypertension justified waiver. "[T]he delay that the defendant would experience if he had to wait for thirty days to expire before pursuing a motion for compassionate release in this court would put him at significant risk of suffering catastrophic health consequences."

The court also stated that extraordinary and compelling reasons warrranted Sawicz's release by way of the COVID-19 pandemic combined with Sawicz'a particular vulnerability to complications from COVID-19 because of his hypertension.

The court then evaluated the 3553(a) factors to determine whether to grant a reduction in sentence here. The court acknowledged that his was a serious charge and that Sawicz had already violated one term of supervised release. However, that "[d]oes not justify keeping the defendant in prison amidst an outbreak of a potentially deadly virus to which he is particularly vulnerable."

Finally, the court evaluated whether Sawicz was a danger to the safety of any other person or to the community. The court noted that when Sawicz is released he will quarantine himself with his parents for 14 days and that in doing so he would pose little, if any risk to the public. The court went on to note that the violation that Sawicz was serving his prison sentence on did not involve violence or physical sexual contact.

Sawicz's compassionate release motion was granted and his sentence was reduced to time served. He was ordered to be immediately released upon receipt of the Court's order (as opposed to 14 days in quarantine at Danbury).

In another recent example, the District Court in Eastern Michigan examined a motion for compassionate release in Miller v. United States, Case No. 16-20222-1 (E.D. Mich., Apr. 9. 2020). Miller's medical records show that he has a history of Hypertension, and Heart Disease. The Court noted that at the signing of its order Miller had 14 active prescriptions for treatment.

The court found that the government's arguments were unfounded and that Miller's request was due to his myriad of serious health conditions and that the COVID-19 pandemic accentuates his meritorious claims for release. The court also determined that waiver of exhaustion could apply "[w]here [exhaustion] would be futile, either because agency decisionmakers are biased or because agency has already determined the issue" and "[w]here pusuing

---

2). See Attached Exhibit D, Release Plan submitted to the Warden for consideration seeking compassionate release.

3). See Exhibit C, listing 4 active medications to treat Hypertension.

Page 3

agency review would subject plaintiffs to undue prejudice." Washington, 925 F. 3d at 118.

The court also determined that a sentence reduction was consistent with applicable policy statements by the Sentencing Commission.

Miller had stated that he had experienced extraordinary and compelling circumstances under 18 USC 3582-(c)(1)(A)'s "catch all" provisions. The court noted that "[p]rison populations are subject to heightened vulnerability" to the COVID-19 pandemic. The court went on to note that "[t]he presuasuve precedent for granting compassionate release under the current circumstances is overwhelming," citing other cases where courts granted relief to similarly situated inmates. See attached Exhibit E collecting cases. The court went on to note that Miller, at 69 years old, was at higher risk of falling severely ill from COVID-19. "[T]he CDC also states that defendants with underlying medical conditions, such as chronic congestive heart disease and Hypertension have a higher risk of severe illness, Miller suffers from all three." As a result of all of this, the court found that there was extraordinary and compelling reasons for his release..

Miller's Motion for Compassionate Release from Custody was granted as time reserved. also see United States v. Coker, Case No. 3:14-CR-085 (E.D. Tenn, Apr. 15, 2020); United States v. Young, No. 2:00-CR-00002-1 (M.D. Tenn., Mar. 4, 2020)

## CONCLUSION

These particular cited cases, deal with a defendant who is similarly placed as Dennis in their request for compassionate release with the same underlying medical conditions and have a heightened risk of suffering the consequences of a catastophic health consequences due to the current COVID-19 pandemic. These additional recent cases are offered in an effort to supplement Dennis's original motion with facts, case citations and legal syntax. Dennis prays the Court moves quickly, considers his merits to reduce his sentence to time served, where he will, according to his release plan, self-quarnatee for 14 days or until the "stay at home order" is lifted in the State of Tennesee, whichever is greater.

DATED: April 20, 2020

_____
Dennis R. Bolze, pro se
Reg. No. 14825-067
FCC Coleman Low
P.O. Box 1031
Coleman, FL 33521-1031

Page 4

TRULINCS 14825067 - BOLZE, DENNIS R - Unit: COL-A-A
------------------------------------------------------------------------------

FROM: 14825067
TO:
SUBJECT: Supplement to Motion - COS
DATE: 04/19/2020 05:25:15 PM

## DECLARATION

I, Dennis R. Bolze, having read the above Motion to Supplement to Emergency and Urgent Motion for Compassionate Release Pursuant to Title 18 United States Code 3582(c)(1)(A) certify that the facts, case citations, and legal syntax are true and correct to my own personal knowledge of those facts and events and is made freely under the pains and penalties of perjury on this the 20th day of April, 2020.

_____
Dennis R. Bolze, pro se

## CERTIFICATE OF SERVICE AND COMPLIANCE

I, Dennis R. Bolze, hereby certify that a true and correct original was presented to prison authorities for forwarding on this the 20th day of April, 2020 with first-class postage attached using Priority Mail #9114-9023-0722-4645-6344-33, addressed to the United States District Court's Clerk Office for filing. All parties of record will receive notice of the filing through the Court's ECF database and may retrieve a true and correct copy at their convenience.

The nation is currently under a stay at home order, with the Federal prison system in total lockdown. Thus, the only means available to petitioner is through the Trulincs email system to prepare the supplement. There is no access to typewriters or word processors at this time. For those extraordinary circumstances, petitioner requests the Court excuse ay default in preparing this supplement in accordance to any Rules or Local Rules of the Court.

_____
Dennis R. Bolze, pro se



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Complex-LOW
P.O. Box 1021
Coleman, Florida 33521-1021

April 10, 2020

Name: Bolze, Dennis R
Register Number: 14825-067
Housing Unit: A-1

RE: Request for Compassionate Release/Reduction in Sentence

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____    4/10/2020
Kathy P. Lane, Warden              Date

EXHIBIT "A"

## 4. REQUESTS BASED ON NON-MEDICAL CIRCUMSTANCES – ELDERLY INMATES

The criteria for a RIS request may include the following:

a. **"New Law" Elderly Inmates.** Inmates sentenced for an offense that occurred on or after November 1, 1987 (e.g., "new law"), who are age 70 years or older and have served 30 years or more of their term of imprisonment.[1(1)]

b. **Elderly Inmates with Medical Conditions.** Inmates who fit the following criteria:

Age 65 and older.

Suffer from chronic or serious medical conditions related to the aging process.

Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.

Conventional treatment promises no substantial improvement to their mental or physical condition.

Have served at least 50% of their sentence.

Additionally, for inmates in this category, the BOP should consider the following factors when evaluating the risk that an elderly inmate may reoffend:

The age at which the inmate committed the current offense.

Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.

Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The BOP Medical Director will develop and issue medical criteria to help evaluate the inmate's suitability for consideration under this RIS category.

c. **Other Elderly Inmates.** Inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced.

2

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

pro



COLEMAN FCC (352) 330-3252
846 NE 54TH TERRACE, COLEMAN, FL 33521  H-15
988948-COX  Lopez, H MD/SER MAST PHYSICIAN 03/31/2020
BOLZE, DENNIS R  14825-067
COL-A03040L

Take one tablet (40 MG) by mouth each day to control blood pressure

Lisinopril 40 MG Tab
Lot:NB903421  Exp:04/06/2021
Don't confiscate before: 07/05/2020  #30
(12) Refills  04/06/2020  03/31/2021

Do not take this medicine if you are pregnant.
May cause dizziness.
Medicine may impair your ability to drive or operate machinery. Use care until you know how it affects you.
Round Yellow 422/IG



COLEMAN FCC (352) 330-3252
846 NE 54TH TERRACE, COLEMAN, FL 33521  H-19
988946-COX  Lopez, H MD/SER MAST PHYSICIAN 03/31/2020
BOLZE, DENNIS R  14825-067
COL-A03040L

Take one tablet (81 MG) by mouth daily

Aspirin 81 MG EC Tab
Lot:P118183  Exp:04/06/2021
Don't confiscate before: 07/05/2020  #30
(12) Refills  04/06/2020  03/31/2021

Do not chew or crush. Swallow whole.
Warning: Do not use if you are pregnant, suspect that you are pregnant, or while breastfeeding. Consult your doctor or pharmacist.
Medicine should be taken with plenty of water.
Round Yellow L



COLEMAN FCC (352) 330-3252
846 NE 54TH TERRACE, COLEMAN, FL 33521  H-07
988985-COX  Lopez, H MD/SER MAST PHYSICIAN 03/31/2020
BOLZE, DENNIS R  14825-067
COL-A03040L

Take one tablet by mouth each morning to control blood pressure

Triamterene/ HCTZ 75 MG/50 MG Tab
Lot:3102893  Exp:04/07/2021
Don't confiscate before: 07/06/2020  #30
(12) Refills  04/07/2020  03/31/2021

May cause dizziness.
Avoid prolonged or excessive exposure to direct and/or artificial sunlight while taking this medicine.
If you are pregnant or considering becoming pregnant, you should discuss the use of this medication with your doctor or pharmacist.
Round Yellow TH 2/MYLAN



COLEMAN FCC (352) 330-3252
846 NE 54TH TERRACE, COLEMAN, FL 33521  D-16
985697-COX  Bonnet-Engebretson, Leonor MD 03/10/2020
BOLZE, DENNIS R  14825-067
COL-A03040L

Take one tablet (40 MG) by mouth every night at bedtime for control of cholesterol ***NOTE DOSE and STRENGTH***

Atorvastatin 40 MG TAB
Lot:D154079  Exp:02/28/2021
Don't confiscate before: 06/08/2020  #30
(12) Refills  03/10/2020  03/10/2021

Do not take other medicines without your doctor's advice.
Avoid grapefruit or grapefruit juice.
Do not use this medication if you are pregnant, plan to become pregnant, or are breastfeeding.
Oval Yellow 154/SG

EXHIBIT "C"

TRULINCS 14825067 - BOLZE, DENNIS R - Unit: COL-A-A
----------------------------------------------------------------------

FROM: 14825067
TO: Kaffman, Angela
SUBJECT: RELEASE PLAN - DENNIS R. BOLZE
DATE: 04/16/2020 06:42:02 AM

RELEASE PLAN FOR DENNIS R. BOLZE - cont.

Mr. Larry Resezenski, a life long closest friend, who lives at 205 Main Street, #207 located in Horsehead Beach, Florida and drives a black 2016 Honda Ridgeline, Florida Tag Number GMA-D58 can pick me up at the prison in about two hours after notice from authorities. Mr. Resczenski is an authorized person on my visitation list and will drive me directly to Knoxville, Tennessee. This contact number is (352)-792-5806.

Ms. Angela Maria and Valerie Lynn Kauffman, my step-daughters, live at 1208 Rain Tree Road, located in Knoxville, Tennessee (PSR at 93). Angela has owned her own home for about 7-8 years and is a General Manager at a major restaurant chain located in Knoxville. Her contact number is (865) 548-3317.

Both daughters work at the chain, in one upper management position or another, since they take a night deposit to the bank and bring change back from the bank, they both have concealed carry permits. They want very much to do whatever to ensure my safety during this pandemic. They will obtain a place for me, in the form of an Extended Stay facility in the Cedar Bluff Road area or at Turkey Creek in Knoxville, that is approved by probation.

They will ensure that I am able to go to my heart doctor, Mr. Norman Lindell (PSR at 94-97) for check ups, examination, and medication as needed. In addition, I will self quarantine myself for 14 days or until the "stay at home order" in Tennessee is lift, whichever is greater and with guidance from probation.

Finally, at the appropriate time, I will seek part-time employment in sales to supplement my social security benefits, again with guidance from probation.


EXHIBIT "D"

TRULINCS 14825067 - BOLZE, DENNIS R - Unit: COL-A-A
----------------------------------------------------------------------------

FROM: 14825067
TO:
SUBJECT: Supplement - Exhibit E
DATE: 04/19/2020 06:14:45 PM

RECENT CASE RULINGS ON COMPASSIONATE RELEASE

The following is a list of recent District Court rulings concerning the pandemic, prisoners with underlying medical conditions, who received compassionate release with time served.

United States v. Francis Raia, 18-CR-00657 (D. N.J. Apr. 2, 2020); United States v. O'Bryan, No. 96-CR-10076-03-JTM, 2020 WL 869475 (D. Kan., Feb. 21, 2020); United States v. Mondaca, No. 89-CR-0655-DMS, 2020 WL 1029024 (S.D. Cal., Mar. 2, 2020); United States v. Young, No. 2:00-CR-0002-1, 2020 WL 1047815 (M.D. Tenn., Mar. 4, 2020); United States v. Davis, No. PJM 00-CR-424-2, 2020 WL 1083158 (D. Md., Mar. 5, 2020); United States v. Perez, No. 88-CR-10094-1-JTM, 2020 WL 1180719 (D. Kan., Mar. 11, 2020); United States v. Redd, No. 1-97-CR-00006-AJT, 2020 WL 1248493 (E.D. Va., Mar. 16, 2020); United States v. Chan, No. 96-CR-00094-JSW-13)(N.D. Cal., Mar. 31, 2020); United States v. Maumau, No. 08-CR-00758-TC-11 (D. Utah, Feb. 18, 2020); United States v. Brown, 411 F. Supp. 3d 446, 449 (S.C. Iowa, 2019); United States v. Urkevich, No. 03-CR-00037 (D. Neb., Feb. 14, 2019); United States v. Vilanueva, No. 18-CR-472-3 (KPF)(S.D. N.Y., Apr. 8, 2020); United States v. Winckler, No. 13-CR-318 (W.D. Pa., Apr. 3, 2020); United States v. Lowry, No. 18-CR-882 (S.D. N.Y., Apr. 6, 2020); United States v. Smith, No. 12-CR-133 (JFK) (S.D. N.Y., Apr. 13, 2020); United States v. Coker, No. 3:14-CR-085 (E.D. Tenn., Apr. 15, 2020); United States v. Gentille, No. 19-CR-590 (KPF)(S.D. N.Y. Apr. 9, 2020); United States v. Decator, No. CCB-95-CR-0202 (D. Md., Apr. 6, 2020); United States v. Kataev, No. 16-CR-763-05 (LGS)(S.D. N.Y., Apr. 14, 2020); United States v. McCarthy, No. 3:92-CR-0070 (JCH)(D. Conn., Apr. 98, 2020); United States v. Almontes, No. 3:05-CR-58 (SRU)(D. Conn., Apr. 9, 2020); United States v. Perez, 17-CR-513-3 (AT)(S.D. N.Y., Apr. 1, 2020); United States v. Milan, No. 91-CR-685 (LAP) (S.D. N.Y., 2020); and United States v. Bin Wen, No. 6-17-CR-06173 EAW (W.D. N.Y., Apr. 13, 2020).

This list is not exhaustive, but only what is available through the prison's law library as of this filing.



EXHIBIT "E"

PRIORITY MAIL

U.S. POSTAGE PAID
PM 2-Day
COLEMAN, FL
33521
APR 20, 20
AMOUNT
$0.00
R2305H127076-12

INSPECTED

FROM: Dennis Bolze
Reg. No 14825-067
Federal Correction Complex
Coleman Low.
P.O. Box 1031
Coleman, FL 33521-1031

RECEIVED
APR 27 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

TO: Clerk of Court
U.S. District Court
800 Market Street
Knoxville, TN.

37902