UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-CR-93-TAV-DCP-1 |
| DENNIS R. BOLZE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant believes himself entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Docs. 164, 166]. However, as the government argues in opposition [Doc. 167], defendant has failed to exhaust his administrative rights, which is a mandatory prerequisite to considering the merits of his request. Accordingly, the Court must **DENY** defendant's motion and supplementary motion with leave to refile when he has satisfied the statutory exhaustion requirement. Defendant's related motion to appoint counsel [Doc. 168] will be **DENIED as moot**.

### I. Background

The Court incorporates by reference its summary of the background of this case in its memorandum opinion ruling on defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 145]. However, for the purpose of the instant motion, it notes that defendant pled guilty in November 2009 to three counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of money laundering, in violation of 18 U.S.C. § 1957 [Doc. 43 p. 1–2]. These charges arose out of defendant's execution of a

fraudulent investment scheme through two Nevada corporations he owned and operated, Centurion Asset Management, Inc. ("CAM") and Advanced Trading Services, Inc. ("ATS") [Doc. 145 p. 2]. Defendant ultimately admitted that he received more than $21 million from investors, of which approximately $9.6 million was used to re-pay existing investors and $1.6 million was invested [*Id.*]. Defendant used the remaining funds to support his own lavish lifestyle [*Id.*].

After granting defendant a bifurcated sentencing hearing to permit an evidentiary hearing on defendant's unresolved objections to the Presentence Report ("PSR") and conducting "an exhaustive analysis of the 18 U.S.C. § 3553(a) factors," *United States v. Bolze*, 44 F. App'x 889, 890–91 (6th Cir. 2012), the Court sentenced defendant to 327 months' imprisonment [Doc. 94]. The Sixth Circuit subsequently upheld defendant's sentence on appeal, *Bolze*, 444 F. App'x at 890, and the Supreme Court denied defendant's petition for a writ of certiorari [Doc. 107].

The Court later dismissed defendant's motion for post-conviction relief under § 2255 [Doc. 146], and the Sixth Circuit denied defendant's application for a certificate of appealability [Doc. 152], while the Supreme Court denied defendant's petition for a writ of certiorari [Doc. 154]. The Sixth Circuit also denied defendant's application for authorization to file a second or successive § 2255 motion [Doc. 162].

Defendant has filed two motions to alter or amend the judgment [Docs. 157, 158] and a second motion for return of property [Doc. 155], which are currently pending, as well as a "Pro Se Urgent Motion for Compassionate Release" under 18 U.S.C. § 3582(c)(1)(A)

2

[Doc. 164] and a supplementary motion [Doc. 166], both of which the Court considers here.

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Now a Court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

*Id.* Defendant apparently requests relief under § 3582(c)(1)(A)(i) [Docs. 164, 166].

**III. Analysis**

Defendant's failure to satisfy § 3582(c)(1)(A)'s exhaustion requirement[1] bars this Court's consideration of his motion on the merits. Defendant states that he filed a request for a reduction in sentence with the warden on April 7, 2020 [Doc. 164 p. 7]. But, the warden responded to his request within thirty (30) days, denying it by letter dated April 10, 2020 [Doc. 166 p. 7]. The letter, which defendant attaches to his supplemental motion, states that defendant "may commence an appeal of this decision via the administrative remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." *Id.*; *see also* 28 C.F.R. § 571.63(a) (describing inmate's ability to appeal denial of request by warden through Administrative Remedy Procedure). Only a denial by the General Counsel or the Director of the BOP constitutes "a final administrative decision." § 571.63(b)–(c). Defendant does not indicate that he has filed an appeal of the warden's denial, much less received a final denial from the General Counsel or BOP Director, so he has not exhausted his administrative rights. Thus, it appears that the Court's consideration of his request is foreclosed by § 3582(c)(1)(A)'s instruction that a court "may not modify a term of imprisonment" if defendant has not

---

[1] The Court uses "exhaustion requirement" throughout the opinion to refer to § 3582(c)(1)(A)'s instruction that a court may consider a motion by a defendant after the defendant has fully exhausted his administrative rights or after thirty (30) days have passed from the warden's receipt of a request to move on defendant's behalf for a sentence reduction, whichever is earlier.

4

"fully exhausted all administrative rights" or allowed "the lapse of 30 days" from an unanswered request to the warden. *See e.g.*, *United States v. Godofsky*, No. 5:16-59-1, 2020 WL 2188047, at *1–2 (E.D. Ky. May 6, 2020) (concluding court lacked jurisdiction to consider compassionate release motion where warden had denied defendant's request purportedly made under § 3582(c)(1)(A) and defendant had not appealed denial), and *United States v. Flenory*, No. 05-80955, 2020 WL 2124618, at *3 (E.D. Mich. May 5, 2020) (characterizing elapse of thirty (30) days as implicit denial).

Defendant argues the Court should waive the exhaustion requirement [Doc. 164 p. 7; Doc. 166 p. 3], but the Court cannot waive a jurisdictional threshold to consideration of defendant's motion. When a statutory bar to suit is jurisdictional, "a litigant's failure to comply with the bar deprives a court of all authority to hear a case." *United States v. Wong*, 575 U.S. 402, 409 (2015). The Supreme Court has stated its hesitance to recognize statutory rules profligately as "jurisdictional prescriptions," rather than "nonjurisdictional claim-processing rules," while it has also insisted that it does not demand Congress "incant magic words" to render a prescription jurisdictional. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1850 (2019). Still, Congress must "clearly state[] that a [prescription] count[s] as jurisdictional." *Id.* (quoting *Sibelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)).

Beginning with the text of § 3582(c) then, *see, e.g., Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), the Court notes that the statutory language unequivocally states that a court

5

"may not modify a term of imprisonment once it has been imposed except" in three specific cases. § 3582(c)(1)–(2). These are (1) the circumstances discussed above under § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; and (3) in the case of a defendant sentenced to a term of imprisonment based on a retroactively lowered sentencing range. *Id.* The language of "may not" and "except" indicates that § 3582(c) grants the Court authority to modify a sentence only in the three listed circumstances. *See United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." (quoting *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997))). Section 3582(c)(1)(A) states that the court "may reduce the term of imprisonment" "after" defendant has satisfied the exhaustion requirement; thus, the exhaustion requirement is a prerequisite to the court's exercise of its authority under § 3582(c)(1)(A). It follows that the Court lacks jurisdiction to reduce a term of imprisonment under § 3582(c)(1)(A) if defendant has not exhausted his administrative remedies because a court only has jurisdiction to reduce a sentence under § 3582(c) if the "basis for resentencing falls within one of the specific categories authorized" by that section, *Williams*, 607 F.3d at 1125, and a motion by defendant does not fall within

6

§ 3582(c)(1)(A) if defendant fails to satisfy part of that section's requirements. *Cf. id.* at 1125–26.[2]

And, even if § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, it establishes a mandatory statutory exhaustion regime.[3] While "judge-made exhaustion doctrines . . . remain amendable to judge-made exceptions," "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 135 S. Ct. 1850, 1857 (2016). Although § 3582(c)(1)(A) does not use identical mandatory language to that of the statutory provision discussed in *Ross*, where the statute stated that an inmate "shall" bring "no action" absent exhaustion of administrative remedies, § 3582(c)(1)(A)'s language of "may reduce" the sentence "after" similarly indicates that exhaustion must take place *before* the court has authority to reduce a sentence. Like the statutory text examined in *Ross*, the language of § 3582(c)(1)(A) "suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances,'" with one exception. 136 S. Ct. at 1856. In *Ross*, the "edict" contained the qualifier that administrative remedies must be "available," *id.*; here, the possibility that

---

[2] The Sixth Circuit concluded that the district court lacked jurisdiction to reach the resentencing question under § 3582(c) because defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," which § 3582(c)(2) requires, and it characterized the question of whether he satisfied this requirement as "jurisdictional." § 3582(c)(2)).

[3] As the government notes [Doc. 167 p. 9], nonjurisdictional, mandatory claim-processing rules are mandatory "in the sense that a court must enforce the rule if a party 'properly raise[s]' it." *Fort Bend*, 139 S. Ct. at 1849 (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)). Here, the government has properly raised the exhaustion issue in its initial response to defendant's motion for a sentence modification [Doc. 167 p. 9].

the warden might fail to respond within thirty (30) days of a request to move for a sentence reduction qualifies the exhaustion mandate. § 3582(c)(1)(A). Yet, "aside from that exception," such mandatory language "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." 136 S. Ct. at 1856. Accordingly, the court may not create an exception to § 3582(c)(1)(A)'s exhaustion requirement for the special circumstance of the COVID-19 epidemic.

As the government notes, the only federal appellate court yet to address the issue of waiving exhaustion found that § 3582(c)(1)(A)'s language is mandatory and thus "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).[4] And, most courts to examine the issue

---

[4] Some courts have suggested *Raia*'s conclusion that exhaustion is a prerequisite to considering reduction under § 3582(c)(1)(A) is dicta. *See, e.g., United States v. Hassan*, No. 18-20607, 2020 WL 1910151, at *3 (E.D. Mich. Apr. 20, 2020) (citing *Raia* and characterizing its conclusion regarding exhaustion as dicta). Although defendant has not raised this argument, the following criticism of this view is informative:

> The Court also disputes the characterization of *Raia*'s conclusion that failure to exhaust administrative remedies forecloses compassionate release as mere "dicta." As background, while serving a three-month sentence that was under appeal because the Government contended it was too lenient, the defendant-appellee (Raia) filed in the district court a motion for compassionate release. *Raia*, 954 F.3d at 596. The district court denied the motion on the grounds that the pending appeal divested it of jurisdiction. *Id.* Then, instead of appealing that decision, Raia "filed a motion asking [the Third Circuit] to decide his compassionate-release motion. Alternatively, he ask[ed the Third Circuit] to return jurisdiction to the District Court by dismissing the government's appeal without prejudice." *Id.*
> In seeking these alternative remedies, Raia relied on Fed. R. App. P. 3(a)(2), which notes: "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." The Third Circuit's conclusion that the exhaustion requirement was non-waivable was the entire basis for denying the defendant-appellant's alternative

8

in this circuit have agreed, whether because they have found the exhaustion requirement to be jurisdictional or because they deemed it a mandatory statutory prerequisite not amenable to judge-made exceptions. *See United States v. Edwards*, No. 3:13-cr-12-1, 2020 WL 1987288, at *3–11 (M.D. Tenn. Apr. 27, 2020) (collecting cases in the Sixth Circuit denying relief based on failure to satisfy the exhaustion requirement); *United States v. Black*, No. 5:18-CR-646-1, 2020 WL 1930149, at *2–3 (N.D. Ohio Apr. 21, 2020) (agreeing with the Third Circuit's reasoning and conclusion in *Raia*); *United States v. Cornett*, No. CR 7:10-2, 2020 WL 1912211, at *1–2 (E.D. Ky. Apr. 20, 2020) (finding the exhaustion language to be jurisdictional and mandatory); *United States v. Dougherty*, No. 2:18-CR-229-2, 2020 WL 1909964, at *2 (S.D. Ohio Apr. 20, 2020) (agreeing the exhaustion requirement is jurisdictional and collecting cases); *cf. United States v. Hassan*, No. 18-20607, 2020 WL 1910152, at *2–3 (E.D. Mich. Apr. 20, 2020) (agreeing the exhaustion requirement is "imposed by statute and thus is not subject to a judge-made exception" but reasoning that waiving the requirement in light of COVID-19 served congressional intent), and *Samy v. United States*, No. CR 16-20610-1, 2020 WL 1888842,

---

request that jurisdiction be returned to the district court to consider his motion for compassionate release. Specifically, after denying Raia's primary request, the Third Circuit also rejected his alternative request because the (alternatively) requested remand would be futile *because* Raia "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement." *Id.* at 597. As the sole basis for denying an alternative request for relief, the Third Circuit's view regarding the conclusive effect of failing to satisfy the exhaustion requirement does not seem to be mere dicta.

*United States v. Edwards*, No. 3:13-CR-00012-1, 2020 WL 1987288, at *10 n.6 (M.D. Tenn. Apr. 27, 2020).

at *2–3 (E.D. Mich. Apr. 16, 2020) (reasoning that exhaustion could be waived where the BOP had "already determined the issue" by denying six previous requests and appeals and where delay would "unduly prejudice" defendant due to COVID-19's rapid spread).

Defendant cites several opinions by courts that waived § 3582(c)(1)(A)'s exhaustion requirement in the context of COVID-19, but these courts provided minimal analysis (if any) of the statutory text and uniformly relied on a Second Circuit precedent of dubious persuasive value in this context.[5] *See* [Doc. 166 p. 3–5 (citing *United States v. Sawicz*,

---

[5] In *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019), the Second Circuit noted that "[e]ven where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute," and it outlined three exceptions to the exhaustion requirement citing *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). *Barr*'s persuasive authority is limited. First, the *Barr* court did not involve a statutory exhaustion requirement but a judge-made one, unlike § 3582(c)(1)(A). 925 F.3d at 116. Finding that the statute at issue, the Controlled Substances Act ("CSA"), did not require exhaustion, the Second Circuit nevertheless concluded that the district court properly required exhaustion and that three possible exceptions to the exhaustion principle did not apply. *Id.* Thus, even if the court intended to opine that these exceptions may apply where "mandated by statute"—and even if its authority controlled this court—that statement was dicta. If, instead, the Second Circuit intended to observe that a judicially-created exhaustion requirement that is consistent with a statute may be waived, then its opinion is merely irrelevant to the instant case. *See United States v. Alexander*, No. 1:17-cr-420, 2020 WL 2113180, at *1 (N.D. Ohio May 4, 2020) (suggesting that *Barr* stands for the proposition that "judge-made exhaustion requirements may be waived even when those requirements are consistent with a statute"). Unlike the statutorily-created exhaustion provision in § 3582(c)(1)(A), judge-made exhaustion doctrines "remain amenable to judge-made exceptions," *Ross*, 136 S. Ct. at 1857, so while it might have been acceptable to excuse compliance with the exhaustion requirement the Second Circuit recognized in the CSA, the permissibility of waiver of a judicially-created exhaustion requirement does not support waiver of a statutorily-created provision. *See United States v. Holden*, No. 3:13-cr-444, 2020 WL 1673440, at *9 (D. Ore. Apr. 6, 2020).

Second, reading *Barr* to permit judicially-created exceptions to a statutory exhaustion requirement conflicts with Supreme Court precedent, including the precedent the Second Circuit cited. The *Barr* court's exceptions discussion relied on *McCarthy v. Madigan*, which has been superseded by statute and which did not involve a statutorily-mandated exhaustion provision but an administratively-created one. 503 U.S. at 141; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (recognizing that the Prison Litigation Reform Act of 1995 ("PLRA") superseded *McCarthy*). The *McCarthy* Court repeatedly indicated its analysis hinged on the absence of an applicable statutory provision requiring exhaustion. 503 U.S. at 142–43, 149, 152, 156 (noting

10

No. 08-cr-287, 2020 WL 1815851 (E.D.N.Y. Apr. 10, 2020) (stating that statutorily-mandated exhaustion requirements are not absolute "where [exhaustion] would be futile, . . . where the administrative process would be incapable of granting adequate relief . . . [or] where pursuing agency review would subject [the person seeking relief] to undue prejudice" and finding that undue prejudice to defendant from the COVID-19 outbreak at FCI Danbury combined with his risk of complications if he contracted COVID-19 due to his hypertension justified waiver (quoting *Washington v. Barr*, 925 F.3d 109, 118–19 (2d Cir. 2019)), *Miller v. United States*, No. 16-20222-1, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (similar)]; *see also* [Doc. 164 (citing *United States v. Colvin*, No. 3:19-cr-179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (quoting list of exceptions from *Barr* and finding that all three exceptions applied given risk of contracting COVID-19 before exhausting her appeals, brief duration of remaining term of imprisonment (eleven (11) days), and potential for undue prejudice from "heightened risk of severe illness")].[6]

---

"the general grievance procedure was neither enacted nor mandated by Congress," emphasizing that the Court only "evaluated the individual and institutional interests at stake" because Congress had "not *required* exhaustion," and stating that Congress could "design or require an appropriate administrative procedure for a prisoner to exhaust his claim for money damages"). Indeed, the Court stated that "[w]here Congress specifically mandates, exhaustion is required"; only "where Congress has not clearly required exhaustion" may "judicial discretion govern[]." 503 U.S. 140, 144. This reading of *McCarthy*, as permitting judge-made exceptions to exhaustion of administrative remedies only where no statute mandates exhaustion, comports with the Supreme Court's more recent holding in *Ross* and its admonition of the Fourth Circuit for adopting "an extra-textual exception originally formulated by the Second Circuit" to PLRA's exhaustion requirement. *Ross*, 136 S. Ct. at 1856 (citing *Blake v. Ross*, 787 F.3d 693, 698 (2015)).

[6] Defendant also cites *United States v. Brannan*, No. 4:15-cr-80-1, 2020 WL 1698392, at *1 (S.D. Tex. Apr. 2, 2020), in support of his waiver argument [Doc. 164 p. 8], but the court therein did not provide reasons for its grant of an emergency motion for a sentence reduction under § 3582(c)(1)(A).

11

Because this defendant has not satisfied § 3582(c)(1)(A)'s exhaustion requirement, *see supra* p. 6, and because the Court lacks the authority to waive the exhaustion requirement, the Court may not modify his sentence under § 3582(c)(1).

## IV. Conclusion

The Court lacks authority to consider defendant's request for a sentence reduction under § 3582(c)(1)(A) because he has failed to exhaust his administrative rights. Accordingly, defendant's motion and supplemental motion for compassionate release [Docs. 164, 166] are **DENIED with leave to refile** when defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Moreover, because defendant has not satisfied the statutory prerequisite for consideration of his compassionate release request, defendant's emergency motion to appoint counsel to assist him with his compassionate release motion [Doc. 168] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE