UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES,                    )
                                  )
          Plaintiff,              )
                                  )
v.                                )         No.:   3:09-CR-93-TAV-DCP-1
                                  )
DENNIS R. BOLZE,                  )
                                  )
          Defendant.              )

## MEMORANDUM OPINION AND ORDER

This action is before the Court on defendant's pro se Motion to Alter or Amend the

Judgment [Doc. 157] and Second Motion to Alter or Amend the Judgment [Doc. 158].

Defendant moves the Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil

Procedure, to relieve him from the judgment denying and dismissing with prejudice his

motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Doc. 146]. For the reasons

discussed herein, the motions are **DENIED.**

## I.    Background

The facts of this case are summarized in the Court's memorandum opinion entered

contemporaneously with the judgment [Doc. 145]. On September 10, 2012, defendant filed

his Motion to Vacate Under 28 U.S.C. § 2255 [Doc. 109]. This Court denied his motion

and dismissed it with prejudice, simultaneously denying a certificate of appealability

[Doc. 146]. Nonetheless, he requested a certificate of appealability from the Sixth Circuit

Court of Appeals [Doc. 147]. In a ten-page order reviewing defendant's claims and this

Court's opinion, the Sixth Circuit denied defendant's request, stating defendant had not met the burden of a substantial showing of the denial of a constitutional right and that reasonable jurists would not debate the district court's ruling on the issues [Doc. 152]. Defendant then filed the instant motions.

## II.     Standard of Review

As a threshold matter, the Court must determine whether Petitioner's motion for relief properly has been brought under Rule 60(b) or whether it should be considered a second or successive § 2255 motion.[1] In the context of § 2255 relief, Rule 60(b) is not intended to raise new grounds for relief or challenge the merits of the district court's order but to resolve "some defect in the integrity of the federal habeas proceedings." *Gonzalez v.*

---

[1] Defendant's motions also refer to Federal Rule of Civil Procedure 60(d) which provides relief from a judgment or order via independent action. Part (d) is "commonly referred to as Rule 60's 'savings clause'" and reads: "Other Powers to Grant Relief. This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order or proceeding . . . ." Fed. R. Civ. P. 60(d)(1). An independent action is "'available only to prevent a grave miscarriage of justice'" which is a "stringent and demanding standard." *Mitchell*, 651 F.3d at 595 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see also Pickford v. Talbott*, 225 U.S. 651, 657 (1912) (available when enforcement of the judgment is "manifestly unconscionable").

Defendant makes only passing references to relief under this rule and asserts the standard and elements of an independent action [Doc. 157 p. 2; Doc. 158 p. 2] but fails to assert any facts to prove the elements or argue why he meets such a demanding standard. This Court's Local Rules require that requests for relief include "a concise statement of the factual and legal grounds which justify the ruling sought from the Court." E.D.TN. LR 7.1(b). As such, this request can be denied for failure to comply with the Local Rules. Alternatively, the request could be deemed waived. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))). Therefore, defendant fails to meet his burden under Rule 60(d).

2

*Crosby*, 545 U.S. 524, 532 (2005).[2]  If a defendant's Rule 60(b) motion raises new "claims" after he has already litigated a § 2255 motion or if the motion attacks the federal court's previous resolution of a claim on the merits, the Court must interpret defendant's Rule 60(b) motion as a second or successive § 2255 motion.  *Id.*  (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,'" even if raised in a Rule 60(b) motion); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (applying *Gonzalez* in the § 2255 context and holding that a Rule 60(b) motion should be considered a § 2255 motion if it challenges the prior resolution of a claim "*on the merits*").

If the motion has properly been brought under Rule 60(b), it is "a litigant's exclusive avenue when seeking relief from a judgment or order."  *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)).  The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;

---

[2]  Defendant incorrectly cites the appellate court's standard of review for a district court's denial of a Rule 60(b) as the applicable standard this Court should apply here when ruling on a Rule 60(b) motion in the first instance [Doc. 157 p. 2 ("clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact" (quoting *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 454 (6th Cir. 2008))].

3

(5)      the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)      any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As a general matter, "relief under [this rule] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

More specifically, "a Rule 60(b)(1) motion is intended to provide relief . . . when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). The catchall provision of subsection (6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985)). "'The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Thompson v. Bell*, 580 F.3d 423,

4

442 (6th Cir. 2009)). "[R]elief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity *mandate* relief." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (quotation marks and citations omitted).

## III.    Analysis

The Court will address each of defendant's motions in turn.

### A.    Defendant's First Motion to Alter or Amend

Defendant asserts two (2) main claims that he posits "affect the integrity of the judicial system" and therefore are asserted under Rule 60(b) [Doc. 157 p. 19]. First, he states the district court "misapplied the law denying review of an actual innocence claim, which created a clear fundamental mis-carriage [sic] of justice affecting the very integrity of the entire habeas proceeding" and that the Court "abused its discretion when it did not address whether [it must consider] the merits of Mr. Bolze's proposed actual innocence claims before rejecting them on procedural grounds" [Doc. 157 p. 8–9].  This claim is properly asserted under Rule 60(b) as he challenges grounds seven and eight from his § 2255 motion which were denied on procedural grounds, for failure to raise them on direct appeal, rather than resolved on the merits.

This Court held he had procedurally defaulted these claims because he had not proven good cause for his failure to raise such arguments and prejudice if unable to proceed or that he was actually innocent.  *Regalado v. United States*, 334, F.3d 520, 528 (6th Cir. 2003).  This Court acknowledged that while petitioner made "passing reference to actual innocence throughout his petition, he [did] not do so in the context of" his arguments

5

pertaining to these grounds, instead attempting, unsuccessfully, to side-step procedural default on good cause [Doc 145 p. 52]. As defendant's claims did not fit either prong, grounds seven and eight were procedurally defaulted.

In support of his claim that the Court should have analyzed the merits of his actual innocence claim, defendant cites *Penney v. United States*, 870 F.3d 459 (6th Cir. 2017), which held that a proper showing of actual innocence would allow the district court to consider the merits of a defendant's actual innocence claim despite an untimely Rule 60 motion. Additionally, defendant erroneously quotes *Herrera v. Collins*, 506 U.S. 390, 390 (1993), for the proposition that "valid claims of actual innocence and unauthorized detention trump time and procedural bars"[3] [Doc. 157 p. 9]. Thus, defendant interprets the case law as requiring an analysis of the merits of his actual innocence claim before otherwise disposing of it.

However, as in *Penney*, defendant fails to make the required showing of actual innocence. 870 F.3d at 465. The Sixth Circuit has "required a petitioner arguing actual innocence to produce a Supreme Court or Sixth Circuit precedent that establishes that 'he now stands convicted of a crime that the law does not deem criminal.'" *Id.* at 463 (quoting *Phillips v. United States*, 734 F.3d 573, 582–83 (6th Cir. 2013)). Additionally, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In his § 2255 motion, defendant had only scattered references to actual innocence, and no

---

[3] Defendant quotes *Herrera* for this proposition when it contains no such quotation.

references to actual innocence with regard to grounds seven and eight. Additionally, in the instant motion, he does not point to portions of his prior filings or facts that would support a finding of actual innocence. He did not provide sufficient evidence to show he was actually innocent under the aforementioned requirements, which would save those grounds from being procedurally defaulted. Thus, defendant fails to show the substantive mistake of law under Rule 60(b)(1) or exceptional and extraordinary circumstances under Rule 60(b)(6) to be granted relief.

Second, defendant asserts a second defect in the proceedings that "clearly affect[ed] the integrity of the judicial system where the district court abused its discretion in mis-applying the correct standards of governing law" [Doc. 157 p. 19]. He asserts the Court should have held a hearing to determine whether defendant entered his plea unknowingly based on counsel's deficient performance, counsel's failure to investigate actual innocence, and whether counsel investigated defendant's prior criminal history [Doc. 157 p. 19]. This argument also properly brought under Rule 60(b), as it is challenging a determination in the court's ruling on defendant's § 2255 motion, but not one made on the merits of a claim.

A hearing in this case was denied because "the motion and the files and records of the case conclusively show[ed] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). This Court previously held that none of defendant's claims justified relief in his § 2255 petition,

defendant had not identified any material factual disputes requiring resolution at a hearing,[4] and that the undisputed record conclusively precludes collateral relief [Doc. 145 p. 62, 18]. The Sixth Circuit concluded as to each claim that "reasonable jurists would not debate the district court's ruling" on the issues and thus denied the certificate of appealability [Doc. 152 p. 7]. Thus, there has been no substantive mistake of law in denying a hearing on these bases under Rule 60(b)(1) or exceptional and extraordinary circumstances under 60(b)(6) to grant defendant relief.

Overall, in defendant's first Motion to Amend or Alter the Judgment, the Court concludes that no relief under Rule 60(b) is warranted for either of defendant's claims. Accordingly, defendant's motion [Doc. 157] is **DENIED**.

### B.    Defendant's Second Motion to Alter or Amend

Defendant's filed a second Motion to Alter or Amend [Doc. 158] "on the grounds the District Court's 28 U.S.C. § 2255's . . . conclusions created a manifest miscarriage of justice that affected the integrity of the judicial system" [*Id*. at 1]. Though he couches these

------

[4] In defendant's Second Motion to Alter or Amend [Doc. 158], he references to what he posits is a factual dispute:

> **FIRST**: The contrary representation created a factual dispute. The Habeas review stated, [P]etitioner has not identified any material "<u>factual dispute</u>" requiring resolution by way of an evidentiary hearing." . . . The § 2255 petition had clearly claimed that <u>Santos</u> changed the law rendering Bolze actually innocence [sic] of committing a criminal act of money laundering . . . The Government's Answer claimed "Santos effected no such change."

[Doc. 158 p. 31]. Defendant is misguided as to the definition of a factual dispute. The disagreement between the parties here as to the impact of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), is a legal dispute. It is possible that, as in his Second Motion, defendant misunderstands the term and thus this Court's decision that he had identified no factual disputes.

8

claims in language about the integrity of the judicial system as an attempt to obtain relief under Rule 60(b), defendant challenges the prior resolution of his claims on the merits, and therefore this motion must be construed as a second or successive § 2255 and transferred to the Sixth Circuit. *See In re Nailor*, 487 F.3d at 1022; *Reeves v. United States*, 1:93-cr-102; 1:17-cv-338, 2018 WL 6524282, at *2 (E.D. Tenn. December 12, 2018).

Defendant states "the Court clearly abused its discretion by applying the wrong analytical framework in reaching its findings of fact and conclusion to deny relief. A conclusion that affects the integrity of the Federal habeas judicial process" [Doc. 158 p. 11]. He then outlines many manners in which he asserts the law and facts should have been interpreted or addressed in his § 2255 determination [*Id.* at 11–28]. Next, defendant states "the habeas proceeding committed four clear defects in law in reaching its determination that clearly affected the integrity of the habeas proceeding" [*Id.* at 28] and describes said defects [*Id.* at 28–60]. Defendant posits the Court's conclusion is incorrect, and that such conclusion is itself a defect.

The Court need not reach the merits of defendant's motion. The Sixth Circuit has held that fraud on the habeas court is an example of a qualifying defect. *Brooks v. Bobby*, 660 F.3d 959, 963 (6th Cir. 2011). Additionally, a conflict of interest that led to the ineffective assistance of habeas counsel could qualify under "sufficiently egregious conditions." *Id.* Here, however, defendant seeks to relitigate the issues of the first petition by alleging the incorrect conclusions were integral errors. Additionally, considering the Sixth Circuit has already reviewed this Court's order in denying the certificate of

9

appealability and determining that reasonable jurists would not debate about these issues, defendant fails to assert a defect as to the federal habeas proceedings. Instead, as his motion challenges the merits of the decision and is thus interpreted as a successive § 2255 petition.

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court. Accordingly, Petitioner's filing will be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## IV. Conclusion

Accordingly, defendant's first Motion to Amend or Alter the Judgment as properly asserted under Rule 60(b) [Doc. 157] is **DENIED**. Should defendant give timely notice of an appeal from this Order with regard to his first Motion, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by

defendant for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

With regard to defendant's second Motion to Alter or Amend the Judgment [Doc. 158], the Clerk is **DIRECTED** to **TRANSFER** defendant's filing [Doc. 158] to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

11