UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-93-TAV-DCP-1 |
| | ) | |
| DENNIS R. BOLZE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se Motion to Correct Clerical Error Pursuant to Federal Rule[] of Criminal Procedure 36 [Doc. 218]. Defendant seeks to correct a "clerical error" in the Presentence Investigation Report ("PSR"). Defendant states that the PSR noted he was represented by counsel in a case when he proceeded pro se and that the PSR contains the "omission" or "oversight" of failing to obtain state court files to confirm this information. He states "[a]s a direct result, [defendant's] resulting 'within' sentencing Guidelines range, at the time, was heightened to Category III" [*Id*. p. 3]. The alleged error "caused the sentencing court to rely on an 'oversight' or 'omission' of the relevant facts of the case that would and has prejudiced the defendant by raising his criminal history scoring improperly and thus, increased his resulting sentencing Guidelines range to heightened as well." [*Id*. p. 6]. He therefore requests investigation of the conviction and amendment "including correcting criminal history points of the PSR accordingly" [*Id*. p. 6–7].

Pursuant to Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has recognized that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted) (also noting that "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court"). Like the Second and Seventh Circuits, the Sixth Circuit has noted that Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *Id.* at 656–57 (citations omitted).[1]

Here, defendant frames his motion as one for a clerical error, but he essentially objects to the PSR and asks for a recalculation of his criminal history points and resulting criminal history category. The Court finds that it does not have authority to recalculate the defendant's criminal history category or to amend the defendant's judgment as a result. Amending the judgment to change the defendant's criminal history category used in sentencing would not qualify as the sort of clerical error amendment authorized by the Sixth Circuit under Rule 36. Additionally, Local Rule 83.9 provides that "[w]ithin 14 days

---

[1] The case defendant cites in support of changing the PSR was a case where the sentencing range was misstated in the judgment, even though the correct offense level and criminal history were noted. *United States v. Williams*, 176 F.3d 301, 313 (6th Cir. 1999). The Sixth Circuit recommended making the changed but "reiterate[d] that [defendant] ha[d] not been prejudiced by the clerical error, and his sentence remain[e]d" the same. *Id*.

2

after the [PSR] is filed with the Court, the parties shall file with the Court any objections they may have as to any material information, sentencing classification, sentencing guideline ranges, and policy statements contained in or omitted from the Report." That is the period during which defendant may object to the information contained or errors made in the PSR and have them corrected. Now, over ten years after judgment was entered, the time for objections has passed.

Even if the Court were to interpret this request as one for a sentence reduction, a court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Defendant has not identified any statutory authority that may allow the Court to modify his sentence.

Defendant's relief requested does not amount to a clerical error but is more akin to an objection to the PSR or request for a sentence reduction. Any objection would be untimely and therefore waived, and the Court has no statutory authority to change his sentence.

Accordingly, defendant's motion [Doc. 218] is **DENIED**. Defendant's related Motion for Final Disposition of Pending Rule 36 Motion [Doc. 225] is **DENIED as moot**. Finally, defendant requests counsel to act on his behalf regarding the pending motions [Doc. 230]. The Court notes that the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*,

No. 16 3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). Accordingly, defendant's motion for appointment of counsel [Doc. 230] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE