UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-93-TAV-DCP-1 |
| DENNIS R. BOLZE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on the defendant's Second Motion for Return of Property [Doc. 155]. Defendant moves the Court for return of the properties seized on March 12, 2009, including the items listed in the Memorandum of Activity [Doc. 99-2] and the business records belonging to CAM. The memorandum of activity indicates that the following items were seized: CAM records, a Dell Desktop, a Cooler Master Desktop, a Dell Laptop, a black laptop bag, charger, a cancelled cell phone, a thumb drive, paper documents, reading glasses, wallet, and $2,925.93 in various currency [Doc. 99-2 pp. 2, 7].

The government responds that Federal Bureau of Investigation Special Agent Duke Speed and Internal Revenue Service Special Agent Kevin McCord met with Angela Kauffman, who was appointed as defendant's designee [Doc. 215]. At the meeting, the agents gave Kauffman "various computers and records" that defendant gave law enforcement during his arrest in addition to a wallet and reading glasses. The accompanying documentation from the special agent and Kauffman confirm that the

following items were returned: a plastic bin containing miscellaneous documents (which the Court believes to be the business records belonging to CAM), a Dell desktop and laptop, a Cool[er] Master CPU Tower, a thumb drive, a pair of eye glasses, and a wallet [Docs. 215-1, 215-3]. Though the laptop bag, charger, and cell phone remain unaccounted for, the government filed a supplemental response [Doc. 229] stating that none of the properties defendant seeks are in federal custody.

Defendant replies that the currency remains unaccounted for or returned [Doc. 216]. The government's response to a subsequent motion indicates that on June 6, 2012, the FBI released a cashier's check for the amount to Wayne Walls, the trustee in Defendant's bankruptcy proceedings [Doc. 221] and that even if the funds existed, the sum should go toward his $13,057,574.20 still owed in restitution.

Defendant then filed a third motion for return of property [Doc. 217], requesting personal and business records seized on January 7, 2009 from a property in Gatlinburg, Tennessee and listed in Document 99-1, which indicates nine computers, an external hard drive, and four boxes of financial records were seized. Defendant otherwise requests the IRS provide copies of the financial records. The government responds [Doc. 221] that the property is not in federal custody. On June 2, 2017, the items were returned to defendant's wife [Doc. 221-1].

Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return . . . in the district where the property was

seized." The Rule also states that "[t]he court must receive evidence on any factual issue necessary to decide the motion." "'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting United States v. Hess, 982 F.2d 181, 186 (6th Cir.1992)). "[T]he burden is on the moving party to show that he or she is entitled to lawful possession of the property." 3A Charles Allen Wright & Sarah N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010); see also *Savoy*, 604 F.3d at 932-33. The movant must demonstrate that he or she is entitled to the property by a preponderance of the evidence. Wright & Welling, § 690.

However, the government is no longer in possession of any of the property defendant seeks. The motions for return of property [Docs. 155, 217] are therefore **DENIED**. *See Stevens*, 500 F.3d at 628 (finding that a Rule 41(g) motion must be denied where the property was no longer in the government's possession and requiring documentation or evidence of such); *see also United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (affirming the denial of a motion for return of property because Obi failed to establish that the federal government had "real or constructive possession of the property" at issue); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE