UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-CR-93-TAV-DCP |
| DENNIS R. BOLZE, | ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Dennis Bolze's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 258], which was referred to the undersigned for recommendation or disposition [Doc. 264]. *See* 28 U.S.C. § 636(b). On May 25, 2022, the District Judge entered a Memorandum and Order [Doc. 256] denying Defendant Bolze's third pro se motion for compassionate release, denying his pro se motion to substitute counsel, and denying as moot his "emergency request" for a ruling. On June 13, 2022, Defendant filed a pro se Notice of Appeal [Doc. 259],[1] along with the instant motion to proceed on appeal without payment of fees or costs.[2] Defendant, who is incarcerated, states under penalty of perjury, that he is not able to pay the costs of his appeal. Defendant attaches a printout of his inmate account from a six-month period from December 2021 through May 2022.

The Court considers whether Defendant qualifies to proceed on appeal without payment of costs or fees, i.e., whether he qualifies for in forma pauperis status on appeal. "The decision to

---

[1] Defendant states he timely filed his appeal by delivering it to the prison authorities for mailing on June 7, 2022 [Doc. 259].

[2] On June 16, 2022, Defendant filed a motion for reconsideration of the Court's May 25, 2022 ruling [Doc. 261].

grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004); *see also Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit demonstrating "the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). The Court must then evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To demonstrate the appeal is taken in good faith, the "appellant must show that the appeal presents a substantial question that is not frivolous." *Powell*, 2010 WL 3087387, at *2.

With regard to his ability to pay, Defendant Bolze argues that he cannot afford the costs of his appeal. He states his income is $70 monthly from his prison employment along with a quarterly gift of $100 to $150 from his family. Defendant states he has $33.57 in cash or a bank account. He reports no assets, expenses, or dependents. He states he owes $13 million to the Court in restitution and fines. Defendant attaches a copy of a printout of his inmate account showing his balance of $10.00 on June 1, 2022 [Doc. 258 pp. 3–5]. Based on this information, the Court finds Defendant is not able to pay the costs of his appeal. In this regard, the Court notes that Defendant qualified for court-appointed counsel in his case before this Court [Docs. 7 & 25] and on direct appeal [*see* Doc. 102 (Defendant represented by Federal Defender Services of Eastern

2

Tennessee)]. Defendant has previously been permitted to proceed in forma pauperis on appeal [Doc. 240].

The Court must also determine whether Defendant has claimed he is entitled to redress and stated the issues he intends to appeal. Fed. R. App. P. 24(a)(1)(B)-(C). Defendant's Notice of Appeal avers an entitlement to redress, i.e., that he is appealing the denial of his motion for compassionate release [Doc. 259]. However, even if the Court were to consider Defendant to have met the first two requirements of Rule 24(a)(1), his application is still insufficient because of his failure to meet the final requirement. Defendant has not stated the issues he intends to raise on appeal, as is required by Rule 24(a)(1)(C), either in his application for in forma pauperis status or in his Notice of Appeal.

The failure to state the issues on appeal is not a mere technical failure but prevents the Court from "ascertain[ing] . . . the merits of the appeal." *Callihan*, 178 F.3d at 803; *see also Johnson v. Motley*, No. 6:07-351-DCR, 2008 WL 4821720, at *5 (E.D. Ky. Nov. 3, 2008) (adopting and incorporating the Report and Recommendation of Weir, MJ). An appeal is lacking in good faith when the issues raised are "frivolous," that is lacking "an arguable or rational basis in law or in fact.'" *Id.* at *3 (internal quotation omitted).

Here, Defendant's Notice of Appeal states only that it is "regarding the Court's Order issued on May 25, 2002[,] concerning a 18 U.S.C. § 3582(c)(1)(A) motion to modify the current terms of imprisonment," citing document 256. A statement that a party is appealing all the issues he raised previously is not sufficiently specific to permit the Court to evaluate the merits of his appeal. *See Reid v. Aubrey's Restaurant Inc.*, No. 2:18-CV-00090, 2020 WL 9048747, at *1–2 (E.D. Tenn. May 14, 2020) (Report and Recommendation) (Wyrick, MJ) (determining that plaintiff's statement that he sought an appeal to correct the mistakes in his complaint and to show

3

his rights were violated was insufficient for the court to evaluate the merits of the appeal). Defendant Bolze fails to inform the Court even generally what he contends is the error with the Court's denial of his third motion for compassionate release. *See Powell*, 2010 WL 3087387, at *2 (observing that plaintiff failed to identify "any law, fact, or specific finding by the Court which might provide a basis for an appeal" but, instead, "only made general assertions of error").

The Court observes that after filing his Notice of Appeal, Defendant filed a Motion for Reconsideration of the Court's Denial, asking the District Court "to reweigh its ruling based on obviously clear manifest errors of law or fact" [Doc. 261 p. 2]. In this motion, Defendant argues that the District Court should reconsider its rejection of his argument that an alleged procedural error constitutes a compelling reason to modify his sentence to 188 months [Doc. 261 pp. 3–5]. However, the undersigned can only speculate that Defendant seeks to raise this issue on appeal and that his motion for reconsideration is limited to this issue.[3] Giving the motion to reconsider the broadest interpretation, it asks the Court to reconsider all prior issues, which, as discussed above, is not sufficiently specific. *Reid*, 2020 WL 9048747, at *1–2.

Finally, the Court observes that the District Judge previously denied a motion by Defendant to proceed in forma pauperis because Defendant failed to comply with Rule 24(a)(1) by not stating the issues on appeal [Doc. 149]. This prior denial put Defendant Bolze on notice that he should specify the issues he seeks to appeal. Even considering Defendant's *pro se* status and construing the Notice of Appeal and application to proceed on appeal in forma pauperis liberally, Defendant

---

[3] Defendant also points to a second reason and "new factors" (which are not enumerated or explained) supporting the requested modification, but it is not clear that he seeks reconsideration of these points [Doc. 261 p. 5]. Instead, Defendant's heading for this section of the motion states that the Court should reconsider his first reason [*Id.* at 3].

4

fails to provide sufficient information to permit the Court to evaluate the issues he intends to present on appeal. Thus, the Court finds he has failed to comply with Rule 24(a)(1)(C).

In summary, Defendant has not complied with Federal Rule of Appellate Procedure 24(a)(1)(C). Accordingly, the Court **RECOMMENDS** that the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 258] be **DENIED**.[4] If the District Judge accepts this recommendation, the Defendant may file a motion to appeal in forma pauperis in the Court of Appeals within thirty days of service of the denial notice, following the procedures in Rule 24(a)(5) of the Federal Rules of Appellate Procedure. The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Defendant Bolze at the address listed in his Notice of Change of Address [Doc. 263].

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).