UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-93-TAV-DCP |
| DENNIS BOLZE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for reconsideration [Doc. 261] of the Court's denial [Doc. 256] of his prior motion for compassionate release [Doc. 222], pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant has also filed a supplement to this request [Doc. 267].

Defendant has also filed a notice of appeal as to this denial [Doc. 259] and seeks leave to proceed *in forma pauperis* ("IFP") on appeal [Doc. 258]. The Court now has before it the magistrate judge's report and recommendation ("R&R") recommending denial of leave to appeal IFP [Doc. 265], to which defendant has objected [Doc. 266]. Finally, before the Court is defendant's motion for a ruling on his pending request to appeal IFP [Doc. 268].

For the reasons that follow, defendant's motion for reconsideration [Doc. 261] and supplement [Doc. 267] will be **DENIED**, defendant's objections [Doc. 266] to the R&R will be **SUSTAINED**, the R&R [Doc. 265] will be **ACCEPTED** and **ADOPTED** in part and **REJECTED** in part, but defendant's request to appeal IFP [Doc. 258] will be

**DENIED**, and defendant's request for a ruling on his request to appeal IFP [Doc. 268] will be **DENIED** as moot.

## I. Background

Defendant filed his first motion for compassionate release in April 2020, soon after the onset of the COVID-19 pandemic [Doc. 164]. The Court found that defendant had not met the exhaustion requirement as to this motion, and further, found that defendant had not established extraordinary and compelling grounds for compassionate release [Doc. 172].

Defendant subsequently filed a second motion for compassionate release in June 2020 [Doc. 177], as well as a plethora of accompanying "emergency" motions and supplements. The Court again denied defendant's request for compassionate release, noting that he had not presented extraordinary and compelling reasons for a sentence reduction [Doc. 205]. Defendant appealed the Court's denial of his second request for compassionate release [Doc. 211]. The Sixth Circuit ultimately affirmed the Court's denial [Doc. 240].

While this appeal was pending, however, defendant filed a third motion for compassionate release [Doc. 222], again, with numerous supplements and related motions. The Court appointed attorney Michael Menefee to represent defendant in his third motion for compassionate release [Doc. 236] and counsel filed a supplement to defendant's pro se motion [Doc. 241].

The Court denied defendant's third motion for compassionate release [Doc. 256]. The Court specifically noted that defendant indicated that he is 73 years old and suffers

2

Case 3:09-cr-00093-TAV-DCP   Document 269   Filed 12/20/22   Page 2 of 14   PageID #: 5312

from chronic stage 3 kidney disease, hypertension, hyperlipidemia, and obesity, and that the Center for Disease Control ("CDC") has concluded that kidney disease and obesity can increase the risk of serious complications from COVID-19 [*Id.* at 4]. However, the Court also noted that defendant's health does not appear to be deteriorating, many of the medical conditions existed at the time of sentencing, and COVID-19 is well controlled at defendant's prison [*Id.* at 4–5]. Moreover, defendant was offered the COVID-19 vaccine and declined [*Id.* at 5–6]. Accordingly, the Court found that defendant's medical conditions, even in light of the COVID-19 pandemic, did not create an extraordinary and compelling basis for relief [*Id.* at 6]. The Court similarly found that defendant's rehabilitative efforts "while commendable, are not extraordinary" [*Id.*]. Moreover, the Court found that defendant's arguments regarding the calculation of his criminal history points was not appropriately raised in a compassionate release motion [*Id.* at 6–7]. Furthermore, the Court concluded that a sentence reduction was not appropriate in light of the 18 U.S.C. § 3553(a) factors [*Id.* at 12].

Defendant subsequently filed a notice of appeal [Doc. 259] and a motion for leave to appeal IFP [Doc. 258]. Defendant also filed a motion for reconsideration of the Court's denial of his third motion for compassionate release [Doc. 261]. The Court will address each of these pending matters in turn.

## II. Motion for Reconsideration

In his motion for reconsideration, defendant argues that, because the government concedes that extraordinary and compelling circumstances exist, adjudication of this issue

3

is not required by the Court [Doc. 262, p. 1]. Defendant contends that his motion involved significant procedural error that occurred during sentencing resulting in a much longer sentence than otherwise allowed by law [*Id.* at 4]. Defendant acknowledges that he raised these sentencing issues in a 28 U.S.C. § 2255 motion but argues that the Court failed to provide adequate consideration to this issue [*Id.* at 8, 12]. Defendant argues that, in the § 2255 proceeding, the Court "completely overlooked the merits and the legal matter presented to it; failed to recognize controlling precedent, and failed to correct the manifest error of law or fact" [*Id.* at 18]. Defendant further appears to contest whether he can challenge sentencing error in a compassionate release motion [*Id.* at 18–23]. Defendant argues that, on appeal, the Sixth Circuit did not properly review his § 2255 in denying a certificate of appealability ("COA") [*Id.* at 23–25].

Defendant also argues that his five serious medical conditions which the CDC has recognized as placing a person at risk of serious illness or death in light of the COVID-19 pandemic constitute extraordinary and compelling circumstances [*Id.* at 36]. He contends that the Court overlooked his diagnoses of congestive heart failure and cardiomyopathy, both of which are recognized by the CDC [*Id.*]. He also contends that his health has worsened since the time of sentencing [*Id.* at 36–37]. Defendant contends that he declined the COVID-19 vaccine based on a prior allergic reaction to a different vaccine and his religious beliefs [*Id.* at 40]. He contends that the BOP is not able to adequately address the concerns raised by the COVID-19 pandemic [*Id.* at 48–53]. Further, defendant

4

contends that the conditions of lockdown in the BOP have caused him stress and anxiety [*Id.* at 55–58].

Finally, defendant argues that the Court should reconsider the § 3553(a) factors [*Id.* at 59]. Defendant contends that the Court should consider the sentencing error in calculation of his criminal history category within the context of the § 3553(a) factors [*Id.* at 62]. Defendant also asks the Court to consider non-retroactive changes to the Sentencing Guidelines for economic crimes under § 2B1.1, under which, he contends, his guideline range would have been lower if he were sentenced today [*Id.* at 64].

In his motion to supplement, defendant argues that the Eastern District of Michigan recently held that plain error at sentencing could constitute an extraordinary and compelling reason for compassionate release, citing *United States v. West*, No. 06-20185, 2022 WL 16743864 (E.D. Mich. Nov. 7, 2022) [Doc. 267, pp. 1–3]. Defendant argues that plain error occurred at his sentencing and there are no avenues for habeas relief available [*Id.* at 3]. Defendant also contends that the *West* court held that rehabilitation could support compassionate release when combined with other extraordinary and compelling reasons [*Id.* at 4].

    **A.    Sentencing Error**

"[A] compassionate release motion is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a 28 U.S.C. § 2255 motion." *United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020) (citing *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019)). As the Southern

5

District of Ohio recently summarized: "a federal prisoner cannot raise claims to vacate a sentence under 28 U.S.C. § 2255 in a motion for compassionate release." *United States v. Galemmo*, No. 1:13-cr-141, 2022 WL 1184146, at *2 (S.D. Ohio Apr. 21, 2022) (citing *United States v. Proge*, No. 2:12-cr-20052-06, 2021 WL 3857440, at *2 (E.D. Mich. Aug. 30, 2021)). "If courts permit prisoners to relitigate § 2255 claims . . . through compassionate release, prisoners would in effect, 'impermissibly circumvent' the procedural limitations Congress designed for § 2255 motions." *Id.*

Moreover, the Sixth Circuit has held that "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *United States v. Hunter*, 12 F. 4th 555, 562 (6th Cir. 2021). The court noted that, while "the habeas and compassionate release statutes overlap . . . the habeas statute is more specific," applying specific limitations to claims that may be brought. *Id.* at 567. And "[t]here is no 'clear intention' that Congress intended to allow prisoners to avoid the specific habeas restrictions by resorting to compassionate release." *Id.*

Here, not only are defendant's arguments regarding alleged sentencing error most appropriately raised under § 2255, rather than a motion for compassionate release, defendant appears to admit that he previously raised these alleged errors, albeit unsuccessfully, in a § 2255 motion. Indeed, the record reflects that defendant raised, and the Court thoroughly addressed, several claims of sentencing error in his § 2255 motion, including the primary issue he raises in his compassionate release motion, relating to use of a prior conviction in calculation of his criminal history category (Ground 4) [Doc. 145].

The Court, however, denied defendant's § 2255 motion and denied a COA [*Id.*]. Defendant subsequently appealed [Doc. 147]. The Sixth Circuit also denied a COA, specifically affirming the Court's ruling on Ground 4 [Doc. 152]. Defendant then sought a writ of certiorari from the Supreme Court [Doc. 153], which was denied [Doc. 154]. Accordingly, the Court finds that defendant has already appropriately raised this issue in his § 2255 motion, and the mater was fully adjudicated. Defendant cannot now seek to avoid the rulings of both this Court and the Sixth Circuit on his § 2255 by re-raising this issue in a compassionate release motion.

In *West*, which defendant cites in support of his claim that he may raise his alleged sentencing errors in his compassionate release motion, the Eastern District of Michigan noted that, after an unsuccessful appeal and § 2255 motion, defendant raised, for the first time in his compassionate release motion, an "unmistakable sentencing error which everyone overlooked until now." 2022 WL 16743864, at *1. The court concluded that it imposed an *illegal* sentence on the defendant by sentencing him to life imprisonment without submitting the statutory enhancing factor to the jury, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* at *2–3. The court explained that "[t]he legal system has a strong interest in the finality of judgments. Indeed, most sentencing errors will likely not qualify as extraordinary and compelling reasons for sentence reduction which outweigh the interests in protecting finality of judgment," acknowledging that courts "have granted very few compassionate release motions based on sentencing errors." *Id.* at *3. However, the court found the case was far from typical. *Id.* The court found that the error resulted

7

in an unwarranted sentencing disparity, noting that other defendants convicted of the same offense without enhancements faced a statutory maximum sentence of 10 years, and, indeed, defendant's guideline range was 121 to 151 months, less than the time he had already served. *Id.* at *4. The court also found that defendant had no other avenues of relief open to him, stating, without further explanation, that "the habeas route for a successive petition is not available to West." *Id.*

*West* is easily distinguishable from this case. First, in *West*, the alleged sentencing error was an illegal sentence. In this case, however, defendant does not assert that his sentence is illegal under the relevant criminal statute, but instead, that his guideline range was incorrectly calculated. This difference is significant, as error in the application of the Sentencing Guidelines is not a constitutional error. *Story v. United States*, No. 2:17-cv-144, 2020 WL 6151057, at *11 (E.D. Tenn. Oct. 19, 2020). And, because defendant's claimed sentencing errors merely involve application of the Sentencing Guidelines, the Court cannot say that any error would have resulted in an unwarranted sentencing disparity between defendant and similarly situated defendants. Finally, to the extent that the *West* court found that compassionate release was appropriate because habeas relief was not available, in this case, habeas relief was available, and defendant attempted to avail himself of that relief. That he was ultimately unsuccessful in raising his alleged sentencing errors in his § 2255 proceedings does not permit him a second bite at the apple through the compassionate release process.

8

As the *West* court itself explained, "most sentencing errors will likely not qualify as extraordinary and compelling reasons for sentence reduction which outweigh the interests in protecting finality of judgment." 2022 WL 16743864, at *3. The Court agrees, and finds that defendant's alleged sentencing errors do not qualify as extraordinary and compelling reasons for a sentence reduction.

B. **COVID-19 Risk**

As to his risk of illness from COVID-19, even considering defendant's heart conditions, in combination with the other health conditions addressed in the Court's order [Doc. 256], the Court still does not find that defendant's health conditions create extraordinary and compelling circumstances in light of the COVID-19 pandemic. The Court does note that the CDC lists heart conditions, including coronary artery disease and caridomyopathies as conditions that "can make you more likely to get very sick from COVID-19." *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/needextra-precautions/people-with-medical-conditions.html (last visited December 15, 2022). And, again, the Court acknowledges that defendant's conditions may make him more vulnerable to COVID-19 related complications.

However, the Court notes that, contrary to defendant's assertion, his BOP facility, FCI Coleman Low, appears to be managing the COVID-19 pandemic appropriately. FCI Coleman Low currently has 2 inmates positive and 0 staff positive for COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last

visited Dec. 15, 2022). Additionally, during the course of the pandemic, the facility has experienced a total of 1 inmate death and 1 staff death from COVID-19. *See id.* Moreover, at Coleman FCC, which encompasses FCI Coleman Low, 5,467 inmates have been fully vaccinated against COVID-19. *See id.*

Further, the Court again notes that defendant has access to the COVID-19 vaccine but has declined vaccination. The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F. 4th 747, 751 (6th Cir. 2021). While the court acknowledged that a prisoner who is unable to receive or benefit from a vaccine may be able to show extraordinary and compelling reasons for a sentence reduction, it also noted that "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a" motion for compassionate release. *Id.* Although defendant now claims that he declined the COVID-19 vaccine due to a prior allergic reaction to another vaccine, defendant has provided no medical records supporting this claim, and has not even set forth the nature of the allergic reaction or whether the prior vaccine had similar ingredients to the COVID-19 vaccine. Similarly, defendant vaguely cites religious grounds for declining vaccination but provides no further explanation. Accordingly, the Court finds that defendant has not established a compelling reason justifying the failure to be vaccinated, such that the Court could consider his risk of contracting COVID-19 to constitute

10

extraordinary and compelling grounds for release. Nonetheless, even if the Court were to find that defendant had a compelling reason for declining vaccination, the Court still concludes that, in light of the controlled nature of COVID-19 in defendant's BOP facility, his health concerns combined with the COVID-19 pandemic do not constitute extraordinary and compelling circumstances.

Finally, defendant contends that the conditions of lockdown in the BOP have caused him stress and anxiety. But the stress and anxiety caused by the COVID-19 pandemic, and the accompanying preventative measures, are common to all inmates in BOP custody. Thus, the Court cannot find that such is extraordinary or compelling for purposes of compassionate release.

### C. Section 3553(a) Factors

In his final argument, defendant appears to disagree with the Court's weighing of the § 3553(a) factors, and asks the Court to again weigh these factors, taking into account the alleged sentencing error and non-retroactive changes in law. The Court first notes that, because it has found that defendant has not established extraordinary and compelling reasons for granting compassionate release, it need not necessarily address the § 3553(a) factors at all. Nonetheless, even considering all of the § 3553(a) factors, including defendant's sentencing error and non-retroactive change in the law arguments, as well as his rehabilitative efforts, the Court finds that the § 3553(a) factors weigh against granting of compassionate release in this case. The Court incorporates its prior, detailed explanation of the weighing of these factors.

11

Because, even after reconsideration of the issues raised here, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release, and, even if he had, the § 3553(a) factors weigh against the granting of compassionate release, defendant's motion for reconsideration [Docs. 261, 267] is **DENIED**.

### III. Motion to Appeal IFP

In the R&R addressing defendant's motion to appeal IFP, United States Magistrate Judge Debra C. Poplin found that defendant was not able to pay the costs of his appeal [Doc. 265, p. 2]. However, Judge Poplin found that defendant's request failed to meet the requirements of Federal Rule of Appellate Procedure 24(a)(1), because he has not stated the issues that he intends to raise on appeal in either his application for IFP status or his notice of appeal [*Id.* at 3]. Based on defendant's failure to comply with Rule 24(a)(1) in this instance, Judge Poplin recommended that the Court deny defendant's request to proceed IFP on appeal [*Id.* at 5].

Defendant objects to the R&R and indicates that he attempted to comply with all rules to the best of his ability given his pro se status [Doc. 266, p. 2]. Defendant then presents issues he would like to raise on appeal, including whether the Court abused its discretion in (1) finding that sentencing errors he raised did not constitute extraordinary and compelling circumstances; (2) "applying a contrary view and application of law in this case different from other cases in front of the Court"; (3) "misreading the argument and factual evidence of the extraordinary-reason requirement presented to it"; (4) "misreading

12

the factual evidence and argument concerning non-retroactive changes in sentencing law in conjunction with other factors"; (5) addressing defendant's rehabilitation in isolation; and (6) "misreading the facts and argument presented to it regarding the relevant and applicable" § 3553(a) factors [*Id.* at 3–8].[1]

Defendant's objection to the R&R appears to correct the procedural error outlined in the R&R, in that defendant has now set forth numerous grounds for appeal. Because defendant does not appear to contest the R&R's finding that he is unable to pay the appellate filing fee, the Court will **ACCEPT** and **ADOPT** this portion of the R&R. However, because defendant has corrected the Rule 24 error, the Court will **SUSTAIN** defendant's objection and will **REJECT** the portion of the R&R finding that his request to appeal IFP should be denied for failure to set forth grounds for appeal.

However, in addressing defendant's underlying motion to appeal IFP, the Court must address the merits of his grounds for appeal. To demonstrate the appeal is taken in good faith, the "appellant must show that the appeal presents a substantial question that is not frivolous." *Powell v. Alcoa High School*, No. 3:10-cv-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). Turning to the grounds for appeal raised in defendant's objections, these issues largely overlap those that the Court has addressed in detail in either its initial order [Doc. 256] or the instant order. Accordingly, for the reasons explained above, and in the Court's prior order [Doc. 256], the Court **CERTIFIES** that any appeal

---

[1] These grounds for appeal are reorganized for clarity and to avoid duplicity.

13

would not be taken in good faith and would be frivolous. Defendant's request to appeal IFP [Doc. 258] is therefore **DENIED**.

## IV. Conclusion

For the reasons explained, defendant's motion for reconsideration [Doc. 261] and supplement [Doc. 267] are **DENIED**, defendant's objections [Doc. 266] to the R&R are **SUSTAINED**, the R&R [Doc. 265] is **ACCEPTED** and **ADOPTED** in part and **REJECTED** in part, but defendant's request to appeal IFP [Doc. 258] is **DENIED**, and defendant's request for a ruling on his request to appeal IFP [Doc. 268] is **DENIED** as moot. The Court **CERTIFIES** that any appeal would not be taken in good faith and would be frivolous.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE