UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:09-CR-93-TAV-DCP-1 |
| DENNIS R. BOLZE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1) [Doc. 278] affidavit in support [Doc. 280], counseled supplemental motion for compassionate release [Doc. 298], and an additional supplement [Doc. 302]. The government has responded in opposition [Doc. 300]. For the reasons set forth more fully below, defendant's motions [Docs. 278, 298] will be **DENIED**.

I.   **Background**

On November 10, 2009, defendant pled guilty to three counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of money laundering, in violation of 18 U.S.C. § 1957 [Docs. 42, 43]. Based on its "exhaustive analysis of the 18 U.S.C. § 3553(a) factors," *United States v. Bolze*, 44 F. App'x 889, 890–91 (6th Cir. 2012), the Court sentenced defendant to a total term of imprisonment of 327 months [Doc. 94].

In April 2020, defendant filed his first motion for compassionate release [Doc. 164]. The Court denied the motion because it found that defendant had not met the mandatory exhaustion requirement and because defendant had failed to demonstrate extraordinary and

compelling reasons warranting a sentence reduction [Doc. 172]. Defendant filed his second motion for compassionate release [Doc. 177] in June 2020. The Court denied the motion because it found that defendant had failed to show extraordinary and compelling reasons warranting a sentence reduction, and even if he had, the § 3553(a) factors militated against granting him relief [Doc. 205]. Defendant then sought compassionate release a third time [Doc. 222]. The Court denied this motion, again finding that defendant had failed to show extraordinary and compelling reasons warranting a sentence reduction, and, even if he had, the § 3553(a) factors did not support a sentence reduction, for the reason set forth in its prior order [Doc. 256].

Defendant now brings his fourth motion for compassionate release [Doc. 278] and a supplemental motion for compassionate release filed by counsel [Doc. 298], which both: (1) re-argues some of the alleged extraordinary and compelling grounds defendant has previously raised, and (2) adds new alleged extraordinary and compelling grounds.

## II. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may

modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Docs. 278, 298].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine

3

> whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that defendant has partially exhausted his administrative remedies but argues that he has not exhausted his administrative remedies on some of the claims he now raises [Doc. 300, p. 3 n.1]. Nevertheless, as the government acknowledges [*id.*], "the court is free to *deny* [a motion for compassionate release] for any reason that is supported in the record," and therefore, may bypass the exhaustion issue if denial is appropriate on other grounds. *United States v. Williams*, 987 F.3d 700, 702 (7th

4

Cir. 2021) (emphasis in original); *see also United States v. Holt*, No. 2:20-cr-75, 2025 WL 1196728, at *1 n.3 (E.D. Tenn. Apr. 24, 2025) (citing *Williams* for the conclusion that, even if the defendant had not satisfied the exhaustion requirement, the Court was free to deny the motion for compassionate release on the merits). Because, as discussed *infra*, the Court finds that defendant's motions for compassionate release should be denied on the merits, the Court declines to address whether defendant has properly exhausted his claims.

**B. Section 3553(a) Factors**

As noted above, the Court need not address all of the requirements of § 3582(c)(1)(A) if one is lacking. *Elias*, 984 F.3d at 519. In this instance, and as previously noted [*see* Docs. 205, 256], the § 3553(a) factors weigh against granting compassionate release, and therefore, the Court declines to address whether defendant has established extraordinary and compelling grounds for release.

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence

5

imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *Id.*

In finding that the § 3553(a) factors, and particularly, the nature and circumstances of this offense and the history and characteristics of the defendant, weigh against granting compassionate release, the Court reiterates its conclusions from its denial of defendant's second motion for compassionate release:

> The Court begins by noting as to the nature and circumstances of the offense that defendant plead guilty to three (3) wire-fraud charges and three (3) money-laundering charges, all arising out of his execution of a Ponzi scheme. 18 U.S.C. § 3553(a)(1). The Court also incorporates by reference the PSR's description of the facts as they relate to defendant's offense conduct [PSR ¶¶ 11–50; *see also* Doc. 92 p. 4–7], which it has reviewed. In particular, the Court notes that from in or about April 2002, and continuing through in or about December 2008, defendant perpetrated and carried out a scheme to defraud numerous individuals who invested funds with him and his corporations by soliciting millions of dollars of funds under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to his own benefit without the knowledge and authorization of the investors [*Id.* ¶¶ 12–15]. *See Bolze*, 444 F. App'x at 890. Ultimately, defendant was ordered to pay $13,061,358.00 in restitution to numerous victims of his scheme [Doc. 94 p. 6–11; *see also* Doc. 92 p. 6–7, 29]. *See* § 3553(a)(7).
>
> The Court incorporates by reference its discussion of defendant's history and characteristics at the time of his sentencing [Doc. 92 p. 7–8], *see* § 3553(a)(1), but it also highlights certain facts especially pertinent to the instant motion. The Court notes that defendant was sixty-one (61) at sentencing and that several of the medical conditions that he points to in support of his request for compassionate release also afflicted him at that time, namely hyperlipidemia, hypertension, cardiomyopathy, obesity, and heart problems [PSR ¶¶ 94–97], which the Court acknowledged at sentencing [Doc. 92 p. 8]. *See* § 3553(a)(2)(D). However, according to a recent BOP medical report [Doc. 201], defendant's chronic kidney disease was not diagnosed until July 11, 2017, a fact that the government does not dispute.

*See id*. Additionally, defendant's criminal history category at the time he was sentenced . . . reflects a significant criminal history [Doc. 92 p. 7– 8; PSR ¶ 87], including convictions for bank fraud and embezzlement [PSR ¶ 80], theft by unlawful taking [*Id*. ¶ 81], theft by deception [*Id*. ¶ 82], willful failure to remit sales taxes (three counts) [*Id*. ¶ 83], and failure to file tax returns (four counts) [*Id*. ¶ 84]. *See* § 3553(a)(1). Only the tax offenses resulted in any criminal history points [*Id*. ¶¶ 83, 84], but additional points were assessed due to defendant's being on probation at the time the instant offenses were committed [*Id*. ¶ 86]. *See id*.

Turning to the kinds of sentences available and the applicable guideline range, § 3553(a)(3), the Court notes that it imposed a sentence at the top of the guideline range, which was 262 to 327 months [*Id*. ¶ 106]. This sentence consisted of 240 months as to Counts One, Two, and Three, to be served concurrently; eighty-seven (87) months as to Count Four, to be served consecutively; and eighty-seven (87) months as to Counts Five and Six, to be served concurrently [Doc. 92 p. 29; Doc. 94 p. 3]. At sentencing, defendant requested a below-guidelines sentence on the grounds that he poses no danger to the public and that "he is over 60 years old, has been in jail for over a year, and that any term of imprisonment within the Advisory Guideline range would in effect be a life sentence" [Doc. 92 p. 11]. The Court denied this request but took defendant's arguments into consideration in fashioning a sentence that complied with the § 3553(a) purposes [*Id*. at 12– 27]. . . .

Considering all the above in light of the purposes set forth in § 3553(a)(2), the Court finds that reducing defendant's term of imprisonment to time served would not produce a sentence that is "sufficient, but not greater than necessary." § 3553(a). The Court noted at sentencing and again here that defendant's offenses, while not violent in a traditional sense, deprived over 100 victims, most of whom were elderly, of their life savings, their peace of mind, and the money they had saved for retirement and their children's and grandchildren's educations, and thus were serious [Doc. 92 p. 16–24; *see also* Docs. 193-2–193-8]. *See* § 3553(a)(1), (a)(2)(A). And the Court continues to believe that the manner in which defendant carried out his offenses (i.e., keeping a Ponzi scheme going for over six (6) years), which required a great deal of thought, sophistication, and coordination, also indicates the seriousness of his offenses [Doc. 92 p. 17]. *See* § 3553(a)(2)(A). The Court also believes defendant's criminal history underlines the need to impose a sentence sufficient in defendant's case to promote respect for the law and protect the public from future crimes of the defendant. *See* § 3553(a)(2)(A), (C). Additionally, defendant has served only 138 months,

or approximately forty percent (40%), of his 327-month sentence, *see United States v. Kincaid*, 805 F. App'x 394 (6th Cir. 2020) (holding that district courts routinely, and appropriately, consider the percentage of time a person has served when assessing the sentencing factors set forth in 18 U.S.C. § 3553(a)), and granting defendant the requested sentence reduction would risk creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* § 3553(a)(6). The Court acknowledges that there is a need to provide defendant with medical care, *see* § 3553(a)(2)(D) . . . . But the Court considered defendant's arguments as to his age in the context of his request for a sentence below the low end of the applicable guideline range and considered defendant's health and medical conditions, except, of course, his later-diagnosed kidney disease, when sentencing defendant to 327 months' imprisonment. Thus, despite his subsequent diagnosis with kidney disease (which the Court again notes is apparently being managed with medication and has not advanced to a life[-]threatening stage) and the threat of the COVID-19 pandemic, given the seriousness of defendant's offenses and the relatively small portion he has served of his sentence, the Court does not find that granting defendant's motion and reducing his sentence to time-served would result in a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2).

[Doc. 205, pp. 34–38].

As the Court stated in its denial of defendant's third motion for compassionate release, "[t]he Court finds not reason to revise its analysis here. The seriousness of defendant's criminal conduct, as well as his criminal history, continues to militate against his release" [Doc. 256, p. 12 (footnote omitted)]. While defendant has now served approximately 195 months of his 327-month sentence [*see* Doc. 300-2], there is still a significant percentage of his sentence remaining. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit

8

the court to consider the amount of time served in determining whether a sentence modification is appropriate.").[1]

The Court does note that, since the denial of his prior motions, defendant has been diagnosed with squamous cell carcinoma [Doc. 280-1, p. 63], and underwent surgical removal of the skin mass [Doc. 280-2, p. 30]. He remained in the hospital while recovering [*id.* at 42], and, upon his return to the BOP, reported that he was "doing fine" [*Id.* at 43]. The Court has considered this new health issue, but, particularly given that defendant has been successfully treated for this condition, and it is now "in remission" [Doc. 300-1, p. 57], the Court does not find that this change to his health circumstances outweighs the other § 3553(a) factors discussed previously.

Moreover, the Court does note that defendant has relatively few disciplinary sanctions during his time in the BOP. At the time of the filing his fourth motion for compassionate release, he had only two disciplinary sanctions: (1) one in 2015 for giving/accepting money without authorization, and (2) one in 2023, less than a year before his motion, for possession of a cell phone [Doc. 300-3]. Notably, BOP records indicate that defendant denied the 2023 possession of a cellphone [*Id.*]. However, in his pro se motion for a reduction under Amendment 821, which remains pending, defendant claims

---

[1] The Court does note that defendant also has pending motions for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines [Docs. 277, 296]. But, even *if* the Court ultimately grants relief under § 3582(c)(2), the amended guideline range applicable to defendant would be 235 to 293 months [*See* Doc. 296, p. 3]. Thus, even if the Court grants a sentence reduction within this amended guideline range, defendant would have a significant amount of time remaining on his sentence.

9

that he stated at the disciplinary hearing for this offense that he was "setup" by other inmates because defendant "got authorization to teach an ACE Class free of charge when they are charging inmates to take the same class" [Doc. 277, p. 7]. But, in that same motion, he appears to admit that he borrowed a cell phone from another inmate "to conduct meaningful 2023 research for the ACE Class" because he believed such would "help[] other inmates by providing relevant and meaningful instruction" [*Id.* at 8]. Further, since the filing of his pro se motion for compassionate release, defendant has incurred a second disciplinary sanction for possession of a cell phone [Doc. 300-3]. Defendant's repeated recent infractions in this regard, coupled with his evolving explanations and lack of accountability for his actions, raises concerns regarding his ability to comply with the law and his conditions of release if granted early release.

Ultimately, in reaching its decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. On the record before the Court, the § 3553(a) factors weigh against early release, and defendant's motions for compassionate release [Docs. 278, 298] will be denied.

### IV. Conclusion

For the reasons set forth more fully above, defendant's motions for compassionate release [Docs. 278, 298] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE