# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-93-TAV-DCP-1 |
| | ) | |
| DENNIS R. BOLZE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This criminal case is before the Court on defendant's pro se motion for sentence reduction [Doc. 277] and counseled supplement thereto [Doc. 296], filed pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The government has responded indicating that the Court has discretion to reduce defendant's term of imprisonment, but that little to no reduction is warranted [Doc. 300].

## I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a

2

defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C). Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(B). In such cases, the Court may grant "a reduction comparably less than the amended guideline range." *Id.*

In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii)

## II. Factual Background

On November 10, 2009, defendant pled guilty to three counts of wire fraud, in violation of 18 U.S.C. § 1343, and three counts of money laundering, in violation of 18 U.S.C. § 1957 [Docs. 42, 43]. At the time of sentencing, defendant received two criminal history points because he committed the instant offense while under criminal justice sentences in the Dauphin County, Pennsylvania Court of Common Pleas and Sevier County Criminal Court ("PSR") ¶ 86]. Combined with his two other criminal history points, defendant had a total of four criminal history points, resulting in a criminal history

3

category of III [*Id.* ¶¶ 85–87].  With a total offense level of 37 and criminal history category of III, defendant's applicable guideline range was 262 to 327 months' imprisonment [*Id.* ¶ 106].

The Court sentenced defendant on August 26, 2010, to 327 months' imprisonment, at the high end of the guideline range [Doc. 94].  According to the government, defendant is presently scheduled for release in August 2031 [Doc. 300, p. 2].

## III.    Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts.  U.S. Sent'g Guidelines Supp. to App. C, amend. 821.  First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence.  *Id.*  Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence.  *Id.*  Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1.  *Id.*

4

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

5

Here, defendant seeks a sentence reduction under Amendment 821's revision of section 4A1.1. Applying Amendment 821, defendant should receive the two criminal history points for his prior convictions in Dauphin County, Pennsylvania Court of Common Pleas and Sevier County Criminal Court [PSR ¶¶ 83–84]. However, because his total criminal history points are only two, he should receive no additional "status points." U.S. Sent'g Guidelines Supp. to App. C, amend. 821. A total of two criminal history points results in a criminal history category of II. U.S. Sent'g Guidelines, Sent'g Table. A total offense level of 37 and a criminal history category of II results in an amended guideline range of 235 to 293 months' imprisonment. *Id.* Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sent'g Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing, and then again at the time of his prior § 3582(c)(2) motion, also apply at this time. Even

6

so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[1]  Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).  And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public.  *See* U.S. Sent'g Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The record reflects that, while in custody, defendant has completed over 1,300 hours of programming [Doc. 277-2].[2]  Defendant has incurred only three disciplinary infractions while in custody, none of which have been violent in nature, but two of which have occurred in since 2023 [Doc. 300-3].  And, notably, BOP records indicate that

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 564 U.S. 319 (2011).

[2] The Court notes that some of the programs defendant has completed raise some concern, as they are related to defendant's underlying criminal offense, such as 10 hours of advanced real estate class, 25 hours of "Investing II," 5 hours of an "Independent Study" on investing, 5 hours of an "Independent Study" on real estate, 35 hours of "Advance Real Estate" [Doc. 277-2, pp. 7–8].

7

defendant denied the 2023 possession of a cellphone [*Id.*]. However, in his pro se motion, defendant claims that he stated at the disciplinary hearing for this offense that he was "setup" by other inmates because defendant "got authorization to teach an ACE Class free of charge when they are charging inmates to take the same class" [Doc. 277, p. 7]. But, he also appears to admit that he borrowed a cell phone from another inmate "to conduct meaningful 2023 research for the ACE Class" because he believed such would "help[] other inmates by providing relevant and meaningful instruction" [*Id.* at 8]. Further, since the filing of his pro se motion, defendant has incurred a second disciplinary sanction for possession of a cell phone [Doc. 300-3]. Defendant's repeated recent infractions in this regard, coupled with his evolving explanations and lack of accountability for his actions, raises concerns regarding his ability to comply with the law and his conditions of release.

Ultimately, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence within the currently applicable guidline range to be appropriate. In making this determination, the Court is particularly influenced by the changes in defendant's criminal history category affected by Amendment 821. However, the Court has also taken into consideration the risk defendant poses to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct. Considering these factors, the Court ultimately finds that a sentence at the high end of the amended guideline range of 235 to 293 months is appropriate in this case.

8

### III.    Conclusion

For the reasons stated herein, defendant's motion [Doc. 277] is **GRANTED** and defendant's sentence is **REDUCED** to **293 months' imprisonment**.  If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence.  U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(C).  Except as otherwise provided in this order, all provisions of the judgment dated October 5, 2010 [Doc. 94], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE